Jasen, J.
Defendant Kass, an attorney, was convicted of the crimes of bribery and conspiracy after trial by jury. He was sentenced to imprisonment for a term of from 1% to 3 years, and as a result of this conviction was disbarred from the practice of law.
Defendant was named in two indictments returned by a Suffolk County Grand Jury as the result of the undercover investigations of Sergeant Hoelzer of the Suffolk County police into gambling, prostitution, and “ shylocking ” activities. The first indictment, which went to trial, charged defendant Kass and one Casale of conspiracy and bribery of Sergeant Hoelzer to obtain police protection for gambling and other activities planned by the conspirators. Defendant and Casale were tried and acquitted of these charges.
Shortly thereafter, defendant was separately tried on the second indictment which charged him and two others with conspiracy to bribe and bribery of a public officer.
The prosecution’s case at the second trial rested principally upon the testimony of Sergeant Hoelzer. The Sergeant related that defendant agreed to pay him $500 per week for police protection of ‘ ‘ gambling, shylocking, and prostitution at Harve’s Hide-a-Way ”, and stated that defendant had actually paid him the first $500 payment pursuant to the agreement. The defendant admitted many of the events testified to by Sergeant Hoelzer, but denied any wrongdoing.
Defendant argues that the Trial Judge improperly permitted the prosecutor to ask defendant if he had ‘ ‘ misappropriated two diamonds worth about $4,000 from a jeweler in New York City? ” It is well established that a defendant who testifies may be cross-examined concerning any immoral, vicious, or criminal acts which have a bearing on his credibility as a witness. “ The offenses inquired into on cross-examination to impeach credibility need not be similar to the crime charged, *126 and questions are not rendered improper * * * provided they have some basis in fact and are asked in good faith.” (People v. Schwartzman, 24 N Y 2d 241, 244; People v. Alamo, 23 N Y 2d 630.) Here, the inquiry into defendant’s misappropriation of the diamonds is relevant to his credibility as a witness. The question was proper, therefore, if made by the prosecutor in good faith and had some basis in fact.
The prosecutor demonstrated his good faith at trial by stating on the record that he had been informed by the jeweler’s attorney on the previous day that defendant had received the diamonds on consignment, and had failed to return the diamonds when due. The jeweler’s attorney appeared “ very upset” and was fearful that his client ‘ ‘ was not going to get the diamonds back”. The prosecutor also spoke briefly with the jeweler who was sufficiently concerned about recovery of his diamonds to travel from his store in New York City to River-head, Long Island, where the trial was held, a distance of some 80 miles. The jeweler contacted the police in Riverhead concerning the diamonds, and a police lieutenant introduced him to the Assistant District Attorney prosecuting this case. The jeweler admits in his affidavit submitted on defendant’s post-trial motion for a new trial that he spoke with the prosecutor and informed him that defendant held the diamonds on an overdue assignment. Significantly, the jeweler did not inform the prosecutor that defendant had agreed to return the diamonds, but merely related to the prosecutor that he had an appointment to discuss the return of the diamonds with defendant. Under these circumstances, the prosecutor adequately demonstrated his good faith and possessed a sufficient basis for asking the challenged question. (People v. Alamo, supra.)
We conclude, however, that the judgment of conviction should be reversed and a new trial should be ordered because defendant was given retranscribed notes of Sergeant Hoelzer at trial and was misled into believing that he possessed the original notes. The record indicates that Sergeant Hoelzer prepared daily notes concerning his undercover investigation into defendant’s activities. These original notes were given to defendant during his trial on the first indictment. However, it appears that Sergeant Hoelzer destroyed these notes at the conclusion of the first trial.
*127 The instant trial began shortly after the conclusion of the first trial. During cross-examination of Sergeant Hoelzer, defendant requested and received “retránscribed” copies of the original notes. Defendant was entitled to examine the witness’ “prior statements” provided “that the statement relates to the subject matter of the witness ’ testimony and contains nothing that must be kept confidential ’ ”. (People v. Malinsky, 15 N Y 2d 86, 90; People v. Rosario, 9 N Y 2d 286.) Indeed, defendant received the existing notes which pertained to the subject matter of the witness’ testimony. However, the thrust of defendant’s argument is that he learned for the first time after trial that the original notes had been destroyed in the one week intervening between the two trials, and that he had been given a retranscribed copy of the notes at trial and had been misled into believing that he possessed the original notes. The record supports this assertion. It may well be that the retranscribed notes are substantially similar to the original notes since defendant possessed the original notes at the first trial and did not recognize at the second that he possessed only the retranscribed copies. Defendant was represented by the same attorney at both trials, and cannot claim to be ignorant of the contents of the disputed notes. However, a new trial is warranted so that defendant may inquire into the circumstances of the destruction of the original notes to test the credibility of Sergeant Hoelzer who was the principal prosecution witness. At the new trial, the jury should be instructed that Sergeant Hoelzer’s testimony should be weighed in light of the fact that the original notes have been destroyed and are, therefore, unavailable to the defendant on cross-examination.
Accordingly, the judgment of conviction should be reversed, and a new trial ordered.