■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GLENDA ELLEN COOPER, Appellant.— Appeal from a judgment of the County Court of Schoharie County, rendered February 27, 1970 upon a verdict convicting defendant of three counts of murder. The defendant has been convicted of murdering her three children, ages 3, 5 and 8. On the night of February 23, 1969 she allegedly caused their deaths, either by setting a fire to the home or by hitting each child in the head with a hatchet. Defendant's plea was not guilty by reason of insanity, claiming she was so incompetent at the time of the alleged filicides that she was not criminally responsible for what occurred. On the night in question defendant admitted to the police, among other things, that she set fire to the home and hit each of the children in the head with a hatchet. After a *Huntley* hearing it was determined that this confession was voluntary. The defendant raises several issues on this appeal. First, she contends that she was deprived of her constitutional right to counsel at the arraignment. While the Magistrate's instructions to the defendant might possibly be subject to two interpretations, we conclude that any error at that stage of the proceeding did not vitiate the subsequent indictment and conviction. (*People ex rel. Hirschberg* v. *Close,* 1 N Y 2d 258.) Defendant also contends that there was no proof of the corpus delecti outside the confession and without "additional proof" required by statute that the crime charged has been committed, a conviction cannot be sustained. (Code Crim. Pro., § 395.) With this contention we do not agree. There is, in our opinion, sufficient evidence apart from the confession that the fire was intentionally set by defendant. The Fire Chief testified to certain facts observed by him at the scene and concluded that the fire was a "set fire". The Coroner testified that the cause of death of each of the three children was a severe blow by a sharp instrument to the calvarium and asphyxiation by smoke inhalation. Such proof constitutes essential additional proof independent of defendant's confession sufficient to establish that defendant caused the deaths of her children. As to the issue of insanity, several psychiatrists testified on behalf of the defendant and one on behalf of the prosecution. Their testimony raised a question of fact as to whether or not defendant was legally insane. The jury determined she was not. There is ample evidence in the record to support this conclusion. Finally, the defendant argues the court erred in its charge. We find no merit in this contention. An examination of the charge reveals the court correctly instructed the jury as to the law applicable to the various charges and issues raised during the trial. We have examined the other contentions urged by the defendant and conclude they are without substance. Judgment affirmed. Herlihy P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.