■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL BROWN, Appellant.—Judgment reversed, on the law and facts, and a new trial granted. Memorandum: Defendant appeals from a judgment of the Monroe County Court. After a nonjury trial, defendant was found guilty of rape, first degree (Penal Law, § 130.35, subd 3). On cross-examination of

defendant, accused of sexual intercourse with his 10-year-old granddaughter, the prosecutor attempted to impeach his credibility by use of a handwritten statement given by two witnesses who had previously testified. In his use of this statement the prosecutor implied that it contained information given by the complainant and her mother that the defendant had prior sexual acts of misconduct with the granddaughter, which defendant repeatedly denied. In sentencing the defendant to a maximum period of up to 10 years, the court alluded to the unverified prior sexual involvement with complainant. It is well established that when a defendant chooses to testify he may be cross-examined concerning his immoral, vicious or prior criminal acts which have a bearing on his credibility as a witness, provided the prosecutor acts in good faith and upon a reasonable basis of fact *(People v Duffy,* 36 NY2d 258; *People v Kass,* 25 NY2d 123; *People v Schwartzman,* 24 NY2d 241, cert den 396 US 846). Cross-examination as to such prior acts will not be permitted when the obvious intent is to show a propensity to commit the same crime for which the defendant is on trial *(People v Duffy, supra; People v Schwartzman, supra).* We are impressed by the evidence that complainant's maternal grandmother testified for the defendant and that there appeared to be prior animosity between complainant's mother and defendant. In our view the proof in this case presented a close question for the trial court in this nonjury trial. We conclude that the reference by the trial court at the time of sentencing to unproven prior sexual acts by defendant demonstrates that the interjection of that inference by the prosecutor had a prejudicial impact on the trial court in its assessment of the credibility of the witnesses to the obvious detriment of the defendant. Given the nature and improper use of the statement during cross-examination, in our view there is a reasonable possibility that this error did contribute to defendant's conviction (see *People v Almestica,* 42 NY2d 222). The effect was to deprive defendant of a fair trial and the conviction must be reversed *(People v Carmack,* 52 AD2d 264, affd 44 NY2d 706). All concur, except Simons and Hancock, Jr., JJ., who dissent and vote to remand defendant for resentencing, and otherwise to affirm the judgment in the following memorandum.

Hancock, Jr., J. (dissenting). The majority have rejected defendant's contention that the evidence in this nonjury trial was insufficient to support his rape conviction. They reverse, nevertheless, because of alleged evidentiary errors committed by the court in permitting the prosecutor to question the defendant about prior sexual misconduct with his granddaughter. The first two questions were asked without objection. The defendant answered no to each question. Defense counsel then questioned the prosecutor's good faith in asking the questions and the court permitted the prosecutor to proceed. Defendant then again denied the prior misconduct and the subject was dropped. The evidence thus was no different than it would have been if objection to the question had been sustained. We find no legal error in these questions, let alone reversible error, particularly since the defendant waived a jury and submitted all issues of law and fact to the court. It was impossible for the Judge to rule upon the objection without hearing the questions and even if improper, no evidence came into the record as a result of the questions being asked or answered. In effect the majority hold that it was reversible error even to question the defendant about prior immoral acts in this nonjury case. Certainly no citation is necessary to disprove that contention. Insofar as the record indicates a question of fact as to the identity of the person named in the presentence documents which the court relied upon, the matter should be reversed as to sentence only, the identity issue resolved and the defendant resentenced. (Appeal from judgment of

Monroe County Court—Rape, first degree.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Witmer, JJ.