OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
The court erred in admitting the defendant’s confession at trial. The People concededly had not given the defendant pretrial notice as required by statute (CPL 710.30) nor, in our view, did they establish "good cause” for filing a late notice. We have previously held that "[l]ack of continuity or other office failure” within the prosecutor’s office does not provide an adequate excuse (People v Briggs, 38 NY2d 319, 324; cf. Santobello v New York, 404 US 257, 259-260). The excuse *871 offered in this case — that the police officer had not informed the prosecutor of the confession prior to trial — is no different in principle. Under similar circumstances we have noted that "[kjnowledge on the part of the police department would, of course, be imputed to the District Attorney’s office. A defendant ought not be penalized because of any inadequacy of internal communication within the law enforcement establishment” (People v McLaurin, 38 NY2d 123, 126).
The other contentions raised by the defendant lack merit. The finding of fact that the defendant was advised of his rights before he made the confession is supported by sufficient evidence and thus is beyond review in this court.