■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ANDERSON, Appellant.—Case held, decision reserved, and matter remitted to Ontario County Court for a hearing in accordance with the following memorandum: In this arson prosecution, defendant challenges the trial court's ruling that if he testified on his own behalf at trial, the prosecutor could cross-examine him with respect to a prior arson. We are unable to review the correctness of that discretionary ruling because of the absence of a record. When the parties requested the court for a *Sandoval* ruling the court was required to balance the probative value of the proof with the risk of prejudice to defendant (see *People v Rahman,* 46 NY2d 882). The fact that the crime charged in the indictment and the prior act were similar did not necessarily foreclose the cross-examination if it appeared that the evidence was otherwise admissible, but in the absence of a record we cannot determine whether that is so. The court made a finding of probative worth insofar as it held that evidence of the prior act (for which defendant was not prosecuted) showed his willingness to place his own interest above that of society (see *People v Duffy,* 36 NY2d 258, 262; cf. *People v Carmack,* 52 AD2d 264, 267, affd. 44 NY2d 706). Unfortunately, it made no finding on possible prejudice and the record does not reflect that it considered the issue or any of the details of the prior act which might render the evidence inadmissible. If a *Sandoval* hearing is to be effective there must be at least an informal hearing at which a record is made so that the details of the prior crime or bad act may be elaborated for review and so that the defendant may be given an opportunity to demonstrate the prejudice accruing to him if the jury is permitted to hear the evidence *(People v Rahman, supra; People v Sandoval,* 34 NY2d 371). (Appeal from judgment of Ontario County Court—arson, third degree.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.