THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ROBERT ANDERSON, Appellant.

Fourth Department, April 3, 1981

34

APPEARANCES OF COUNSEL

*John Schuppenahuer* for appellant.

*James R. Harvey (R. Michael Tantillo* of counsel), for respondent.

## OPINION OF THE COURT

CALLAHAN, J.

Defendant appeals from a judgment entered following a jury verdict convicting him of arson in the third degree (Penal Law, § 150.10, subd 1) as charged in the indictment. Defendant was accused of intentionally setting a fire which completely destroyed the Burroughs Audubon Nature Club during the early morning hours of September 29, 1978. The building, a two-story frame structure used as a clubhouse, unoccupied on the evening of the fire, was completely engulfed in flames when firemen arrived. Because the fire involved an unoccupied structure, and because of the time of day, the intensity of the burning, the amount of consumption of the building, the apparent rapid size and growth of the fire, fire officials requested a police investigation.

On November 17, 1978 defendant telephoned the State Police from a bar where he had been drinking and told them he wished to confess to setting a fire. In response, the State Police met defendant, and after he had been advised of his constitutional rights, defendant signed statements admitting setting fire to the Audubon Club. Defendant, frustrated and upset with a number of personal problems, including a recent break-up with his girlfriend, described starting the fire using a mixture of gasoline and oil which

was poured on the building. At the scene of the fire defendant demonstrated for the police what occurred the night of the crime. Defendant testified at a pretrial *Huntley* hearing and repudiated his confessions, contending he was intoxicated and upset when they were taken.

On this appeal defendant contends, *inter alia*, that: the statements or confessions made by him should have been suppressed due to untimely and incomplete disclosure by the People and/or as involuntary; the trial court erred in not granting defendant's motion to dismiss at the close of the People's case due to the failure of the People to adduce sufficient proof in addition to his confession that a crime had been committed; and the trial court erred in its *Sandoval* ruling whereby the prosecution would have been permitted to question the defendant, had he elected to testify, regarding a prior act of arson to impeach his credibility.

█ Upon his arraignment, the People served defendant with a notice pursuant to CPL 710.30 specifying that they intended to offer evidence at trial of a written statement made by defendant to Sheriff's department investigators, attaching a copy thereof. The People failed, however, to notify defendant that they also intended to offer evidence of oral and written statements given by the defendant to a State Police investigator. It was not until the *Huntley* hearing that defendant was apprised of any statements made to the State Police. Defense counsel's objection to such testimony was sustained by the court. The court properly rejected the District Attorney's contention that the additional statements were merely cumulative and in substance identical to the prior noticed statements made by defendant to the Sheriff's investigators. The court's ruling, however, was without prejudice to the right of the District Attorney to serve upon defense counsel an amended notice to include a copy of statements made to the State Police. The court adjourned the hearing on this issue in order to afford defendant and his attorney an opportunity to examine the statement and move against it. Upon completion of the hearing following the People's service of the amended 710.30 notice, the court denied defendant's motion to suppress, ruling that the statements were in all respects volun-

tarily made after defendant had been properly advised of his constitutional rights.

The trial court properly sustained defendant's objection to the receipt of testimony with reference to nonnoticed statements made by the defendant to the investigator. It was also proper to permit the District Attorney to serve an amended 710.30 notice. The purpose of the CPL 710.30 notice provision is to give a defendant adequate time to prepare his case for questioning the voluntariness of a confession or admission *(People v Greer,* 42 NY2d 170; *People v Briggs,* 38 NY2d 319; *People v Harris,* 25 NY2d 175, affd 401 US 222). The statutory procedure permits an orderly hearing and determination of the relevant issues, thereby preventing the interruption of trial to challenge initially the admission of the statements into evidence *(People v Briggs, supra;* cf. *People v Huntley,* 15 NY2d 72). The statute gives the trial court discretion to allow late notice "for good cause shown" provided the defendant is accorded "reasonable opportunity thereafter to make a suppression motion" (CPL 710.30, subd 2; *People v Briggs, supra,* p 322). Here, the defendant was afforded the opportunity to move to suppress the evidence, before trial. That motion was properly denied, thus rendering the evidence admissible (CPL 710.30, subd 3; cf. *People v Jones,* 69 AD2d 912). Additionally, a review of the record supports the trial court's finding that defendant knowingly, intelligently and voluntarily waived his constitutional rights after he had been fully and completely advised of those rights *(Miranda v Arizona,* 384 US 436; *People v Anderson,* 42 NY2d 35; *People v Leonti,* 18 NY2d 384, cert den 389 US 1007).

Whether the People failed to prove a prima facie case is contingent upon the meaning ascribed to the rule set forth in CPL 60.50, which provides: "A person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed." While the wording of this statute (CPL 60.50), enacted in 1971, differs slightly from that of its predecessor (Code Crim Pro, § 395), enacted in 1881, the Legislature manifested no intention of changing the meaning or requirements of the confession

corroboration rule (see Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 60.50, p 331; *People v Murray*, 40 NY2d 327, 329, cert den 430 US 948). Its purpose is to obviate the "danger that a crime may be confessed when [in fact] no such crime in any degree has been committed by anyone" *(People v Lytton*, 257 NY 310, 314; *People v Reade*, 13 NY2d 42, 45).

The effect of the confession corroboration statute is to require proof of the corpus delicti. Generally, proof of the corpus delicti requires a showing (1) that a loss has occurred and (2) that the loss resulted from somebody's criminality *(People v Murray, supra*, p 331). In an arson case, the corpus delicti consists of a burning which is willful or, to borrow from the concept expressed in murder cases, a fire set by criminal or guilty human agency *(People v Reade, supra*, p 45). The additional proof need not be direct evidence linking the defendant to the crime *(People v Murray, supra*, p 332; *People v Brasch*, 193 NY 46, 59). It suffices to show corroborating circumstances " 'which, when considered in connection with the confession are sufficient to establish the defendant's guilt in the minds of the jury beyond a reasonable doubt' " *(People v Murray, supra*, p 332, quoting *People v Conroy*, 287 NY 201, 202). Moreover, it is not necessary that the proof include "every reasonable hypothesis save that of guilt" *(People v Cuozzo*, 292 NY 85, 92).

█ "In arson cases, proof of criminal agency is, of necessity, more often than not solely circumstantial because, in the very nature of things, the fire generally consumes and destroys all evidence of its incendiary origin." *(People v Reade, supra*, p 46; *People v Piazza*, 48 NY2d 151, 158.) "[W]hen, in addition to the confession, there is proof of circumstances which, although they may have an innocent construction, are nevertheless calculated to suggest the commission of crime, and for the explanation of which the confession furnishes the key, the case cannot be taken from the jury for a non-compliance with the requirement of the statute." *(People v Jaehne*, 103 NY 182, 199-200; *People v Murray, supra*, p 332; *People v Reade, supra*, p 45.) The record reveals that in addition to defendant's confession the

People offered testimony from fire officials and others concerning the suspicious circumstances surrounding the nighttime fire at the unoccupied clubhouse, including the intensity of the burning, the amount of consumption of the building by fire, the rapid spread, size, growth of the fire, and the unlikely possibility of other causes. Furthermore, there was testimony from one of defendant's friends that defendant admitted to him he had set a fire and wanted to turn himself in to the police. This testimony constituted competent evidence from which the jury could have concluded that the fire was of incendiary origin, thus satisfying the corroboration requirement (see *People v Sims*, 37 NY2d 906; *People v Pettis*, 62 AD2d 1110; *People v Guernsey*, 46 AD2d 698; *People v Cooper*, 37 AD2d 743, affd 36 NY2d 876). There was no error in giving the case to the jury *(People v Reade, supra; People v Jaehne, supra; People v Jennings*, 40 AD2d 357, affd 33 NY2d 880).

At the close of the People's direct case, defense counsel advised the court that he intended to call the defendant as a witness in his own behalf. The District Attorney confirmed his intention to cross-examine the defendant with respect to an arson that occurred approximately six years earlier. Defendant's attorney then moved, pursuant to *People v Sandoval* (34 NY2d 371), to preclude cross-examination of defendant with respect to such fire on the basis that it would be highly prejudicial inasmuch as it was for a crime similar to the one charged in the indictment. The court denied defendant's motion, ruling that the prior act of arson would tend to demonstrate the willingness of the defendant to place his own interest above that of society and accordingly, should he choose to testify, the prosecution could interrogate him concerning that prior arson for the purpose of impeaching his credibility.

Due to the absence of a record on the *Sandoval* determination, we reserved decision on defendant's appeal and remitted the case for a hearing so that the details of the prior crime or bad act might be elaborated for our review and in order that defendant might be given an opportunity to demonstrate the prejudice accruing to him if the jury were permitted to hear the evidence *(People v Anderson,*

75 AD2d 988). The record of the hearing on remittitur reveals that the District Attorney had received information from defendant's girlfriend that defendant had admitted to her that he had started another fire six years earlier because he was upset over breaking up with his former girlfriend. Although defendant was never prosecuted for this arson, the facts and circumstances of which closely paralleled the arson for which he was on trial, the trial court nevertheless ruled that the prejudicial effect of the impeaching testimony did not outweigh the worth of the evidence on the issue of credibility. Accordingly, the trial court adhered to its prior ruling that the defendant could be cross-examined with respect to such prior arson if he testified in his own behalf at trial.

It is well established that a defendant who chooses to testify may be cross-examined concerning any immoral, vicious or criminal acts of his life which have a bearing on his credibility as a witness, provided the District Attorney acts in good faith and upon a reasonable basis in fact *(People v Greer*, 42 NY2d 170, 176; *People v Duffy*, 36 NY2d 258, 262, cert den 423 US 861; *People v Kass*, 25 NY2d 123; *People v Schwartzman*, 24 NY2d 241, cert den 396 US 846; *People v Brown*, 70 AD2d 1043, 1044). Cross-examination as to such acts will not be permitted, however, when the obvious intent is to show from character or experience a propensity to commit the crime for which the defendant is on trial *(People v Greer, supra*, p 176; *People v Duffy, supra*, p 262; *People v Schwartzman, supra*, p 247; *People v Brown, supra*, p 1044). "[C]ross-examination with respect to crimes or conduct similar to that of which the defendant is presently charged may be highly prejudicial, in view of the risk, despite the most clear and forceful limiting instructions to the contrary, that the evidence will be taken as some proof of the commission of the crime charged rather than be reserved solely to the issue of credibility." *(People v Sandoval, supra*, p 377.)

Although the scope of cross-examination and the exclusion of prior convictions is largely a matter of discretion with the trial court *(People v Duffy, supra*, pp 262-263), such determinations are subject to review if it ap-

pears that the discretion has been abused *(People v Sandoval, supra)*. Cross-examination with respect to crimes or conduct similar to that of which the defendant is presently charged can be highly prejudicial in view of the risk that "as the nature of the prior bad act and the crime charged become more similar, the inclination to consider the prior act as evidence of guilt becomes more irresistible." *(People v Carmack*, 52 AD2d 264, 266, affd 44 NY2d 706.) Here, both the earlier fire and that charged in the indictment occurred at a time when defendant was despondent over breaking up with a girlfriend. Receipt of the evidence of the prior arson would have been "fraught with the danger of undue prejudice" *(People v Vincek*, 75 AD2d 412, 416).

The crime of arson is not one such as is inherently relevant to the question of defendant's credibility. In an arson prosecution, the trial court's failure to delete that portion of a defendant's confession referring to the setting of other fires has been held to be reversible error in that any probative value of said testimony was clearly outweighed by its prejudicial effect *(People v Chaffee*, 42 AD2d 172). Since the People's case consisted primarily of evidence that the fire was of suspicious origin, coupled with defendant's admissions, it was of vital importance to the defendant that he take the stand to explain the circumstances surrounding his alleged confession or admissions. The importance of such testimony far outweighs the value of the prior uncharged arson in impeaching defendant's credibility.

It would appear that but for the trial court's ruling on the *Sandoval* motion, defendant would have taken the stand as a witness in his own behalf. Following the court's ruling, defendant did not take the stand, presumably out of fear of the impact of the impeachment testmony. Since the defendant was the only source of material testimony in support of his defense that his confession was invalid because he was intoxicated, there is a reasonable possibility that the court's error contributed to the defendant's conviction (see *People v Almestica*, 42 NY2d 222; *People v Brown*, 70 AD2d 1043, *supra; People v Johnson*, 64 AD2d 907, affd 48 NY2d 674).

We have reviewed the other issues raised on appeal and find them to be without merit.

Accordingly, the judgment should be reversed and a new trial granted.

CARDAMONE, J. P., SIMONS, MOULE and SCHNEPP, JJ., concur.

Judgment unanimously reversed, on the  law and facts, and a new trial granted.