OPINION OF THE COURT
Herman H. Tietjen, J.
On November 14, 1982, while working the 3:00 p.m. to 11:00 p.m. shift, State Police Officer Harold Bloomer received a radio call to report to a motor vehicle accident at the intersection of Route 199 and River Road, Town of Rhinebeck. Upon arrival, he saw two vehicles, one stopped on the south shoulder of Route 199, with damage on the driver’s side and the other vehicle still in the roadway, with the front end damaged. The driver of the first vehicle was sitting in the car and the driver of the other vehicle was outside her vehicle. The officer ascertained the identities of the drivers, the defendant voluntarily identifying herself as one of the drivers. He inquired of the defendant as to the occurrence and was advised that she was proceeding north from a Rhinebeck tavern to Bard College. The officer noted that the defendant’s eyes were bloodshot, she was staggering, there was a strong odor of alcohol emanating from her mouth, she did not know what happened and she was disoriented. Upon further investigation, through a conversation with one of the passengers in the defendant’s car and studying the positions of the vehicles and points of *223 impact, the officer learned that the defendant was actually driving south to Rhinebeck instead of north to Bard College.
Upon direct examination, the officer testified as to his familiarity with discerning the characteristics of an intoxicated person. Upon cross-examination, defense counsel probed deeper into the question of ability to recognize an intoxicated person. The defense attempted to have the officer articulate the difference between an intoxicated person and one who might have been in shock or suffering from other malady that may give rise to the appearance of intoxication.
The officer placed the defendant under arrest while she was in the hospital emergency room. This took place approximately 45 minutes to an hour after his arrival at the accident scene. The officer read the defendant her statutory rights pursuant to section 1194 of the Vehicle and Traffic Law, regarding the consequences of a refusal to submit to an alcohol test and then read her the rights in accordance with the requirements of Miranda v Arizona (384 US 436).
Defendant was requested by the hospital authorities to sign a form permitting the removal of her blood. Removal of the blood was made by the physician in charge of the emergency room shortly after the defendant had been read her rights. The officer testified that the defendant was capable of refusing to consent but did, in fact, consent to a blood sample being removed.
During the course of defense counsel’s cross-examination of the arresting officer, the Assistant District Attorney gave the defense attorney an affirmation dated January 28, 1983 regarding any statements made by the defendant to police officers in accordance with the notice requirements of CPL 710.30. A copy of the notice had been previously furnished to the court but allegedly none to the defendant’s attorney. In addition, the copy given to the defendant’s attorney contained an interlineation of some additional information not found in the court’s original copy.
The People agreed that the CPL 710.30 notice was not served since the District Attorney had not received any *224 information from the State Police about the case until a considerable time after the arrest. The District Attorney argued that, “If the defendant takes it upon herself to make a motion to suppress statements in spite of the fact that CPL 710.30 notice has not been served * * * and the Court has the opportunity to hear the testimony and made a ruling on those statements, then a CPL 710.30 notice is moot”. Defendant objected on the ground that had the notice been served, she might have called rebuttal witnesses. A continuation of the hearing was tendered by the People and agreed to by the court but declined by defendant on the ground that the case had been pending for a considerable time.
There are four issues before this court:
(a) Whether there was reasonable, probable cause to place defendant under arrest for driving while intoxicated?
(b) Whether the statements given by the defendant at the scene of the accident and later at the hospital were voluntary or coerced?
(c) Whether defendant’s consent to a blood alcohol test was valid?
(d) Whether the District Attorney’s failure to timely provide defense counsel with a notice pursuant to CPL 710.30 warrants the suppression of statements obtained from defendant and introduced at the suppression hearing?
This court holds that (a) the People have shown sufficient probable cause to make an arrest; (b) that defendant’s statements were voluntary; (c) defendant’s consent to the alcohol test was freely given, and (d) People’s failure to give the required timely CPL 710.30 notice was cured by defendant’s demand for a suppression hearing under CPL 710.40. We shall first treat the last issue.
As previously noted, the Assistant District Attorney served upon the defense counsel a CPL 710.30 notice during the course of the suppression hearing. He had added to the original notice the following new material, “She also admitted to driving. She admitted to drinking at the Rhinebeck Tavern”. The previous statements attributed to the defendant as contained in the notice were “At the scene of the accident, the defendant stated to Officer Bloomer *225 * * * that she did not see the other guy coming. At Northern Dutchess Hospital, she orally consented to the withdrawal of blood.”
The aim of CPL 710.30 as well as the other related sections of CPL article 710 is to permit an orderly hearing and determination of relevant issues so as to prevent the need to interrupt a trial for the purpose of holding hearings to challenge the admission of particular evidence (People v Anderson, 80 AD2d 33; cf. People v Briggs, 38 NY2d 319 [dissenting opn, Jasen, J.]). The genesis of pretrial disclosure of statements, confessions, and similar information is grounded in People v Huntley (15 NY2d 72, 78) in which the Court of Appeals announced the basic rules for pretrial notices when it said, “The prosecutor must, within a reasonable time before trial, notify the defense as to whether any alleged confession or admission will be offered in evidence at the trial.” The defendant, who sought to attack the confession and admission had to demand a preliminary hearing (see, also, People v Briggs, supra).
The appellate courts have exercised flexibility in allowing the curing of defective or untimely notices pursuant to CPL 710.30 prior to trial (People v Mosher, 81 AD2d 684; People v Anderson, supra; People v Jones, 69 AD2d 912). Once the trial has commenced and a statement given to police, not previously reported to the District Attorney, comes to light, no curing of a defective notice was allowed (People v Spruill, 47 NY2d 869). However, where the issue of “voluntariness” of the inculpatory statement has not been raised defects in the CPL 710.30 notice have been allowed to be cured under aegis of judicial discretion (People v Balschweit, 91 AD2d 1127)..
A predecessor to Spruill (supra) was People v Briggs (supra). Both Spruill and Briggs were concerned with the question of determining the factors constituting “good cause” for permitting inculpatory statements to be offered once the trial had begun. In both cases, the Court of Appeals, in reversing convictions, sought to enforce discipline among law enforcement officers and District Attorneys by requiring adequate and full disclosure of inculpatory statements if they were to be admitted against a defendant at trial. The purpose of pretrial notice “is to give *226 a defendant adequate time to prepare his case for questioning the voluntariness of a confession or an admission” (People v Briggs, supra, pp 322-323). If we interpret the philosophy of Briggs and Huntley correctly, a trial court has substantially less discretion in waiving a defective notice or no notice once trial has commenced than it has prior to trial (accord People v Anderson, supra).
If the People were remiss in serving defendant with the required notice of their intention to offer inculpatory statements and this fact comes to light at the time of a suppression hearing, the trial court may permit, at that time, service of the required notice, or its amendment (see People v Anderson, supra), and allow defendant time to investigate and conduct a further hearing on the new subject matter (cf. People v Briggs, supra). Where the suppression hearing, in which the defendant had an opportunity to fully participate, covered the new subject matter, the requirement of CPL 710.30 notice is said to have been met (see People v Mosher, supra).
According to Bellacosa (Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 710.30,1982-1983 Pocket Part, p 250), the preclusion sanction is not operative, even if no notice is given, where the defendant makes a suppression motion and it is denied and the evidence is thereby rendered admissible. The aim of the statute, it would appear, is to obtain full disclosure of inculpatory statements or admissions. In the case before this court, the omnibus motion made by the defendant demanded a hearing to determine “the voluntariness of a statement or admission allegedly made by the defendant.” This brought to the forefront not only what was said, but the circumstances under which an admission was given. Under these conditions, therefore, defendant had ample opportunity to question the officer concerning an admission made and was given additional time to offer a rebuttal (see People v Bennett, 80 AD2d 68, affd 56 NY2d 837).
This court agrees with the philosophy contained in Judge Jasen’s dissent in People v Briggs (38 NY2d 319, 327, supra) “The notice of intent provision is not a discovery device. Rather, its function is to set into operation the statutory procedure for a pretrial hearing on the issue of *227 voluntariness.” Absent the trial having been commenced, late notice should be freely allowed if there is no showing of bad faith, provided the defendant is given an opportunity to challenge the voluntariness of the inculpatory statements. In order that there is no question as to lack of due process, defendant will be given an opportunity to request a supplemental suppression hearing concerning any issues raised by the proffered admissions set forth in the District Attorney’s belated response.
As to the other questions before this court, there was sufficient probable cause to arrest defendant for the crime of driving while intoxicated. An accident had occurred to which the officer responded. When he arrived at the scene he found damage to defendant’s vehicle and the vehicle of another motorist. When speaking to the defendant, he detected a strong smell of alcohol, emanating from her breath, her eyes appeared bloodshot, she was staggering, and she was disoriented. Defendant further advised the officer that she was proceeding from a tavern in Rhinebeck to her nearby college, a northbound direction, when in fact, other evidence showed that she was going in the opposite direction. Defendant also admitted to driving the vehicle and this fact was independently confirmed by another witness at the scene.
While the trooper did not witness the accident, CPL 140.05, 140.10 and section 1193 of the Vehicle and Traffic Law permit an arrest for a violation of section 1192 of that law without a warrant, where an accident has occurred and he has reasonable cause to believe that the defendant committed the crime. A warrantless arrest was upheld in similar situations (see People v Dexter, 49 AD2d 981; People v Collins, 70 AD2d 986). In People v Belcher (302 NY 529) the Court of Appeals found there was probable cause to arrest defendant for driving while intoxicated where his vehicle was involved in an accident; there was no doubt as to him being the operator and his “demeanor and actions were of such character as to establish that he was intoxicated and not in any fit condition to drive.” (People v Belcher, supra, p 534.)
The People also presented evidence of a sufficient quality to show the officer, based upon his training and experience, *228 had reasonable cause to believe that the defendant had committed a crime. In this case, as in People v Blake (5 NY2d 118) the officer came forward with sufficient proof of the crime charged, separate and apart from any admissions of the defendant. One can draw a “clear inference” that defendant was, in fact, the driver of a motor vehicle on the public highway, that an accident occurred, the defendant was in an intoxicated condition at the time of the accident to warrant the further investigation of the officer. The Court of Appeals said in People v McRay (51 NY2d 594, 602) “Probable cause requires, not proof beyond a reasonable doubt or evidence sufficient to warrant a conviction * * * but merely information which would lead a reasonable person who possesses the same expertise as the officer" to conclude, under the circumstances, that a crime is being, or was committed”.
The officer testified that upon his arrival at the accident scene, he sought to determine the circumstances leading to the cause, and the identity of the drivers. Based upon the record before this court, the defendant was not coerced by the officer, although she was disoriented and injured. No arrest was made until defendant was in the emergency room of the hospital, at which time the officer advised her that she was under arrest for driving while intoxicated. The officer clearly enunciated to defendant her rights and she understood the nature of her consent to submit to a blood alcohol test (cf. People v Ward, 307 NY 73).
Defendant’s motion to suppress the results of the blood alcohol test, the statements of the defendant, are hereby denied. Defendant shall have 10 days from the service of this decision in order to request a supplemental hearing to rebut the inculpatory statements or admissions set forth in the District Attorney’s belatedly served notice pursuant to CPL 710.30.