■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CULLEN TAYLOR, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered March 4, 1983, convicting defendant upon his plea of guilty of the crime of forgery in the second degree. ¶ On May 24, 1982, defendant, accompanied by Laura Grant, purchased a suit and leather jacket at two stores in the Arnot Mall in the Town of Big Flats in Chemung County. Laura Grant paid for the clothes by forging the signature of Diane Gardner on stolen checks. Defendant was apprehended on June 16, 1982 in Steuben County as a known parole violator. After he was given his *Miranda* warnings, he was advised that he was also being arrested for forgery. On the following

day, defendant was indicted on two counts of forgery in the second degree. A notice of intent to offer evidence of a written statement made by defendant to Officer William Driscoll of the New York State Police (CPL 710.30) was attached to the indictment. Upon demand, the People supplied defendant's attorney with a copy of the written statement which the People intended to produce. However, no disclosure was made by the People of oral statements made by defendant, of potential identification testimony or of photographs made of defendant for out-of-court identification purposes. ¶ Pursuant to defendant's motion for suppression of the written statement supplied by the People, a *Huntley* hearing was held on November 29, 1983. At the *Huntley* hearing, defendant learned for the first time that the People intended to offer oral statements made by defendant and trial identification testimony by witnesses who had identified defendant in a photo array conducted by the police several months earlier. At the conclusion of the hearing, defendant moved to suppress both the oral statements made by defendant and the identification testimony on the ground that there had not been proper service of the notice as required by CPL 710.30. Defendant also requested all of Officer Driscoll's Grand Jury testimony concerning Laura Grant. The request was denied. By separate orders of County Court, dated December 18 and December 28, 1982, defendant's motions for suppression of the statements and the identification testimony of the two eyewitnesses were denied. Shortly after these orders were entered, defendant, as part of a plea bargain, pleaded guilty to one count of the indictment. He was thereupon sentenced to an indeterminate term of 2 to 4 years' imprisonment. This appeal by defendant ensued. ¶ First, we reject the prosecution's contention that defendant's guilty plea operated to waive his right to assert the failure of adequate notice on the appeal. CPL 710.70 (subd 2) provides that, "An order finally denying a motion to suppress evidence may be reviewed upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty" (see *People v Corti,* 88 AD2d 345). The order at issue is such an order (CPL 710.20, subds 3, 5). ¶ More troublesome is the question of whether the prosecution, as a sanction for failure to give the statutory notice of its intention to offer potentially suppressible evidence at trial within 15 days after arraignment, is precluded from submitting such evidence where, as here, the prosecution has also failed to demonstrate the "good cause" necessary to excuse such an omission (CPL 710.30, subd 2). Heretofore, this court adopted the view that the statutory requirements may be dispensed with whenever the goal of the statute has been accomplished by some substitute procedure (*People v Brown,* 83 AD2d 699, 699-700). Since the goal of the statute is "to afford a defendant adequate time in preparing his case" (*People v Greer,* 42 NY2d 170, 178; see, also, *People v Briggs,* 38 NY2d 319, 322), we take note of the fact that defendant was notified that the prosecution intended to offer suppressible evidence at defendant's trial at the *Huntley* hearing on November 29, 1981, almost two months before entry of defendant's guilty plea. At the *Huntley* hearing and the *Wade* hearing, held the following day, all relevant evidence was produced. The police officer who took defendant's statements and conducted the photographic identifications appeared and was cross-examined. Further, the two witnesses who identified defendant appeared at the *Wade* hearing. Accordingly, we conclude from the evidence adduced at the hearings and from defendant's acquiescence in the proceedings that the statutory goal of adequate preparation was accomplished (see *People v Michel,* 56 NY2d 1014, 1015; *People v Brown, supra*). ¶ We also conclude that defendant's oral and written statements were properly found to be voluntary beyond a reasonable doubt. The testimony on this issue presented a question of fact and the suppression court properly rejected defendant's highly improbable story that

Officer Driscoll wrote a "false" inculpatory statement for defendant's signature rather than the "true" exculpatory statement given by defendant (see *People v Leonti,* 18 NY2d 384; *People v Liccione,* 63 AD2d 305, 313, affd 50 NY2d 850). ¶ Next, we also conclude that the photographic array was not unconstitutionally suggestive. Defendant's contention of unconstitutionality is based on the fact that defendant's photograph had not been trimmed to fit in the police identification book. Yet, at the *Wade* hearing, the witnesses did not recall noticing this difference when they made their identifications. The identifications made by the witnesses when shown the photo array were immediate and based on extensive contact with defendant (see *People v Fox,* 65 AD2d 880). ¶ Finally, we hold that CPL 240.44 did not require the prosecution to turn over Officer Driscoll's Grand Jury testimony and reports concerning Laura Grant. CPL 240.44 (subd 1) does not, as defendant contends, entitle him to all of Officer Driscoll's Grand Jury testimony and police reports concerning Laura Grant, defendant's accomplice in the forgeries. Rather, the subdivision only requires disclosure of "[a]ny * * * statement * * * which relates to the subject matter of the witness's testimony". Here, the suppression court reviewed Officer Driscoll's testimony and reports and supplied defendant with those portions of the Grand Jury record that touched on Laura Grant's contradiction of defendant's exculpatory statement. No further disclosure was required since defendant was unable to demonstrate the relevancy of the withheld Grand Jury proof to Driscoll's *Huntley* testimony (see *People v Gissendanner,* 48 NY2d 543, 549-550; *Matter of District Attorney of Suffolk County,* 86 AD2d 294, 298, affd 58 NY2d 436). ¶ Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.