OPINION OF THE COURT
Allan L. Winick, J.
CPL 710.30 directs that whenever the People intend to offer at a trial evidence of a statement made by a defendant to a public servant, notice of such intention must be given to the defendant within 15 days after arraignment and before trial.
Service of the notice may be made thereafter, provided, for good cause shown, the court permits later service.
In the absence of such notice, evidence of such statement is barred at the trial unless defendant moves to suppress such evidence.
What seems simple and straightforward, however, has caused considerable problem to the courts in situations where the People have served late notices where it would appear no prejudice has resulted to the defendant and an opportunity still exists or is provided to the defendant to test the admissibility of the statement at a hearing.
Perhaps the best place to start the traversal of this dilemma is with the case of People v Briggs decided by the Court of Appeals in 1975 (38 NY2d 319).
*886 In that case, which was a nonjury trial of defendant for leaving the scene of an accident, the trial court permitted the People to serve a notice of intention to offer evidence of a statement made by defendant to a police officer (CPL 710.30 [1]) during the trial. After protest by the defendant, the court granted defendant an adjournment to allow defense counsel to examine the police officer to determine the voluntariness of the statements. Protesting that no amount of adjournments could cure the defects, the defendant proceeded with the trial after a midday recess.
At the resumed trial, the court reserved decision on the defendant’s motion to preclude the People from offering such evidence and permitted the police officer to testify concerning the statements.
In reversing the order of the Appellate Term which affirmed defendant’s conviction, the Court of Appeals held that since the People had not shown “good cause” for the late service, the trial court should not have permitted any evidence with respect to these statements to be offered.
The only reason proffered for the failure to serve timely notice was a “lack of continuity” in the prosecutor’s office. Questioning whether this was even any cause, good or bad, the court rejected the argument as an example of an absence of orderly office procedure and held that if no notice is given before trial, only upon a showing of good cause could the court permit service of a late notice, and then only if balancing the reason against the harm to defendant resulting from the lateness of the notice recommends that in the interests of justice the late service be permitted at the trial, with an adjournment granted to defendant, if necessary.
Thus there are two elements which must first be satisfied before late service is to be permitted: (1) good cause for the failure to timely serve the notice and (2) on balance, lack of prejudice to the defendant resulting from the late service.
The court made it clear (apparently anyway) that without the trial court being satisfied as to the first element, the second element would not even have to be reached for determination. “If, however, no good cause is shown, a failure to give the required notice before trial mandates exclusion of those statements * * * To hold otherwise would be to condone and encourage noncompliance in the prosecutor’s office and to undermine the salutary purposes of the statute.” (People v Briggs, supra, at pp 323-324.)
*887 The Court of Appeals again dealt with this problem in People v Greer in 1977 (42 NY2d 170).
In this case, at the trial, the People attempted to introduce an oral statement not contained in the CPL 710.30 notice served upon defendant’s counsel. Objection was made to its introduction into evidence and counsel requested a Huntley hearing. During a colloquy between the trial court and counsel, no arguments indicating good cause for the failure to include defendant’s admission in the notice of intention were advanced.
The court overruled the objection and the requested hearing was, in effect, denied.
In affirming the Appellate Division’s reversal of the trial court’s conviction of defendant, and citing Briggs (supra), the Court of Appeals stated: “Only upon a showing of good cause may the court permit service of the notice during trial with a reasonable opportunity to make a suppression motion during trial (CPL 710.30, subd 2) and, if good cause is not shown, a failure to give the required notice of intention before trial mandates exclusion of the statement or statements”. (People v Greer, supra, at p 179.)
Once again, in 1979, in People v Spruill (47 NY2d 869), the Court of Appeals, citing Briggs (supra), ruled that a confession of defendant should not have been admitted at the trial because the People did not establish “good cause” for filing a late notice under CPL 710.30. The fact that a police officer had not informed the prosecutor of the confession prior to trial was not deemed to be “good cause” since the knowledge of the police officer was imputed to the District Attorney.
It is important to note so far that in each of these cases the issue of late notice arose at the trial where little opportunity existed to test the voluntariness of the statements except by granting an adjournment in the middle of the trial. That is not to say that the court was specifically limiting the effect of these decisions to instances where the statement is offered at the trial for the first time and there has been no prior effort to amend the CPL 710.30 notice. But the fact remains that the fact pattern in each case involved attempted introduction of the statement at the trial.
In a footnote to People v Washington (51 NY2d 214, 221, n), the Court of Appeals said: “Our decision in People v Briggs (38 NY2d 319) is not to the contrary. All that we decided in that case was that a statement could not be admitted at trial when the authorities had inexcusably failed to give the defendant the pretrial notice required by statute.”
*888 This footnote did nothing to help determine whether the court was limiting its ruling to trial situations.
This brings us to the current situation now presented to this court in hearings held in two cases on consecutive days.
At the Huntley hearing in the first case, the District Attorney filed an amendment to his notice under CPL 710.30 adding two additional statements to the one already contained in the notice.
In the second case the District Attorney gave oral notice, to the court and defense counsel, of other statements allegedly made by defendant.
In both cases, defense counsel took vigorous exception to the court considering these statements and moved to bar their use at the Huntley hearings and asked that the People be precluded from offering such statements at the trial.
The court reserved decisions on the motions. In the first case, since most of the issues presented to the court on the Huntley hearing with respect to the statement set forth in the original notice were identical to those relating to the statements belatedly offered by the People, the court directed that defense counsel would be permitted to cross-examine the People’s witnesses even as it relates to the statements lately offered without prejudice to defendant’s application to bar the statements. At the same time, defense counsel was told that if there was an adverse determination on his motion, he would be permitted to reopen the hearing, if he so chose, and given an opportunity to move to suppress those statements.
At the combined Huntley, Mapp and Wade hearing in the second case, the court directed the hearing to proceed under the same conditions, but only with respect to the statement contained in the 710.30 notice.
In the first case the District Attorney offered no explanation whatsoever for the failure to give the defendant notice of the additional statements within 15 days of arraignment.
In the second case, the District Attorney explained that it wasn’t until he saw the detective’s notebook, while reviewing Rosario material for the hearing, that he learned of the additional statements.
So that the discussion of both cases may be done simultaneously, the court now rejects the District Attorney’s “good cause” explanation in the second case. A similar explanation was made in People v Spruill (supra, pp 870-871) and the Court of Appeals rejected the explanation as not constituting “good cause.” “We have previously held that ‘[l]ack of continuity or other office *889 failure’ within the prosecutor’s office does not provide an adequate excuse * * * The excuse offered in this case — that the police officer had not informed the prosecutor of the confession prior to trial — is no different in principle. Under similar circumstances we have noted that ‘Knowledge on the part of the police department would, of course, be imputed to the District Attorney’s office’.”
What we have now in each case are statements not set forth in the CPL 710.30 notice attempted to be introduced at a pending Huntley hearing by way of amendment to that notice.
No “good cause” has been demonstrated for the failure to give the requisite notice. On the other hand, no prejudice can be demonstrated to the defendant’s rights. The case is still at the preliminary hearing stage with more than sufficient time for defense counsel to investigate and move to suppress, if he so elects.
We must bear in mind that if defendant moves to suppress the statements, he waives any objection to the failure of the People to give the preliminary notice (CPL 710.30 [3]).*
In People v Anderson (80 AD2d 33 [4th Dept 1981]), at arraignment the People served defendant with a notice pursuant *890 to CPL 710.30 specifying that they intended to offer a statement at trial given to the Sheriff’s department, a copy of which was attached. The People failed to notify defendant of other statements given to a State Police investigator. It was not until the Huntley hearing that defendant was apprised of the intention to offer the statements made to the State Police. Defense counsel objected to testimony at the hearing concerning these statements and was sustained, but the trial court granted leave to the District Attorney to file an amended notice to include the statements made to the State Police and at the conclusion-of the hearing ruled that the statements were, in all respects, voluntarily made.
The Appellate Division, while reversing on a Sandoval issue, approved the trial court’s actions with respect to the Huntley hearing and the CPL 710.30 notice and the amendment thereof.
Reasoning that the purpose of the CPL 710.30 notice is to give a defendant adequate time to prepare his case for questioning the voluntariness of the confession or admission, the allowance of a late notice was not incompatible with the purpose of the statute provided the defendant is accorded a reasonable opportunity thereafter to make a suppression motion. (People v Anderson, supra, at p 36.)
Completely ignoring, although stating, the requirement for “good cause” for the delay in giving the notice, the court concludes that since the statements were made known to defendant well in advance of trial and he had an opportunity to test voluntariness, the purpose of the statute has been achieved and the technical failure to timely serve the notice may be overlooked:
In People v Taylor (102 AD2d 944 [3d Dept 1984]) the court was confronted with a situation similar to Anderson (supra). Recognizing that the People had failed to demonstrate “good cause” to excuse the failure to serve a timely notice, it, nevertheless, relying on a previous decision it made in People v Brown (83 AD2d 699), found that the goal of the statute had been accomplished and the failure to demonstrate “good cause” was, therefore, not fatal to the introduction of testimony concerning oral statements not included in the notice served within the 15-day period.
The Appellate Division in the Second Department, however, in 1981, in the Matter of Albert B. (79 AD2d 251), in seeming disagreement with the Appellate Division in the Third and Fourth Departments, precluded the offering in evidence of statements allegedly made by a defendant which were not encom *891 passed in a CPL 710.30 notice. Analogizing procedures in the Family Court to procedures in criminal courts, terming such proceedings as quasi criminal in nature, the court in Matter of Albert B. (supra), on a motion to preclude made in advance of trial (hearing), affirmed an order of the Family Court which had precluded the petitioner from offering any evidence of the nature contemplated by CPL 710.30.
In its CPL 710.30 notice the petitioner did not specify the substance of statements it intended to use at the fact-finding hearing. The Family Court granted the motion to preclude and, in effect, denied petitioner’s request; to serve a late notice.
Citing Briggs and Spruill (supra), the Appellate Division held that absent good cause for the failure to observe the 15-day limitation in CPL 710.30, the petitioner would be precluded from offering evidence of oral statements. “Wherefore, we hold that CPL 710.30 applies to juvenile delinquency proceedings, except that the notice required thereunder must be served upon respondent at the time a petition is filed or as soon thereafter as is reasonably possible, and before the fact-finding hearing. At no time, however, may petitioner serve such notice more than 15 days after the petition is filed unless petitioner has shown good cause as required by CPL 710.30 (subd. 2).” (Matter of Albert B., supra, p 256.) The court specifically rejected the argument that service of a late notice would not have created any prejudice for respondent. (Matter of Albert B., supra, at p 256.)
The Family Court in the Second Department, in 1984, chose to follow Matter of Albert B. (supra) in the Matter of Shannon G. (124 Misc 2d 587). The Shannon G. court refused to excuse the presentment agency in that case from strict compliance with the 15-day notice requirement of CPL 710.30 where no good cause was shown for the delay and irrespective of whether the defendant was prejudiced by such noncompliance. The court reasoned that the language of CPL 710.30 is specific and unambiguous and that to hold otherwise would go against the Legislature’s expressed intention.
Apparently, however, some lower courts in the First and Second Departments have held that unnoticed statements first offered at preliminary hearings or at other times preceding the trial but after the 15-day limitation should not be precluded provided that the defendant is not prejudiced by the People’s failure to comply with the requirements of CPL 710.30 and that there is no showing of bad faith on the part of the People. (People v Eisenoff, 121 Misc 2d 222 [Justice Ct, Dutchess County, Oct. 8, 1983]; Matter of Jorge R., 120 Misc 2d 348 [Fam Ct, NY County, *892 Aug. 5, 1983].) However, both in Eisenoff and in Jorge R., the courts based their findings on Third and Fourth Department cases which stand for the proposition that a line of demarcation exists in application of CPL 710.30 between cases arising by notices served at trial and notices served at preliminary hearings. (People v Mosher, 81 AD2d 684; People v Anderson, supra; People v Jones, 69 AD2d 912; People v Brown, supra.)
The stage was apparently now set for some word from the Court of Appeals as to the application to be applied to CPL 710.30 and its time limitation.
I believe that time has arrived.
So, oft December 20,1984, the Court of Appeals decided People v Basilicato (64 NY2d 103).
In that case, the defendants Basilicato and Carucci sought suppression of evidence obtained as a result of an eavesdropping warrant.
One of the grounds advanced was that the prosecutor had failed to serve them with copies of the warrant and the application on which it was based within 15 days of arraignment as required by CPL 700.70. That section also provides for extension of the time by the trial court “upon good cause shown if it finds that the defendant will not be prejudiced by the delay in receiving such papers.”
A comparison of this section of the CPL with section 710.30 shows remarkably similar language for extending the time of the People to comply.
As was pointed out by the People in their argument to the Court of Appeals, CPL 710.30 and 700.70 serve the same purpose of alerting criminal defendants to the existence of evidence that could be introduced against them at trial so that a timely decision may be made about whether to file a motion to suppress. (People v Basilicato, supra, at p 118.)
The Court of Appeals, speaking of CPL 700.70 said that, “The statute, however, required a showing of both lack of prejudice and good cause for the delay.” (People v Basilicato, supra, p 117.)
Thus, there is a ftvo-pronged test of whether a time extension should be granted.
The People’s application in Basilicato (supra) was made at a suppression hearing, well before trial. This would indicate that the old line of demarcation between cases arising by notices served at trial and notices served at Huntley hearings was not recognized as a point of distinction.
*893 Further, in discussing “good cause” the court alludes to People v Greer and People v Briggs (supra), cases decided under CPL 710.30, which would indicate that both sections 710.30 and 700.70 require a showing of “good cause,” thereby overruling, in effect, People v Anderson and People v Taylor (supra), and establishing that “good cause” for late filing must be demonstrated before the 15-day time limit can be extended under CPL 710.30.
The logic of Anderson and Taylor (supra) is not without its appeal, and this court has adopted such logic from time to time. However, in the light of Basilicato (supra), all of this must yield to a higher logic, first set forth in Briggs (supra, at pp 323-324). “If, however, no good cause is shown, a failure to give the required notice before trial mandates exclusion of those statements * * * To hold otherwise would be to condone and encourage noncompliance in the prosecutor’s office and to undermine the salutary purposes of the statute.”
Since there is an ameliorating subdivision which permits late service for “good cause” the prosecutor’s office is not without remedy where warranted. But mere absence of compliance due to the failure of the District Attorney to timely communicate with other arms of law enforcement agencies will not be allowed to circumvent the statute. Strict compliance is the keyword of the statute. The difficulty of compliance can be avoided by the simple expedient of investigation before the 15-day period rather than after.
An attempt to limit the effect of Basilicato (supra) to cases arising under CPL 700.70 must, in this court’s opinion, yield to the absence of any differentiation between the purpose of that section and section 710.30, and between the language of each section. It would be a distinction without a difference.
Therefore, to the extent such alleged statements of the respective defendants are not encompassed in the present CPL 710.30 notices, the People are precluded from offering them on its direct case.

 In People v Wright (supra), the District Attorney also argues that the defendant waived the notice requirement of CPL 710.30 by requesting that the People consent to “a Huntley hearing,” without specifying a particular statement defendant wants the court to suppress, citing People v Banks (77 AD2d 742 [3d Dept 1980]). Banks involved a Wade issue of identification. Specifically, defendant had moved to suppress any in-court identification testimony. The Appellate Division, Third Department, permitted the testimony because a suppression hearing was held and the motion to suppress was deemed a waiver of the notice in accordance with the statute. However, the court uses the phrases, “failure to comply with CPL 710.30” (p 742) and “not given the required notice” (p 742), without telling us in what way the notice was defective. In other words, was it merely served late, or did it not set forth what the identification procedures used were, or did it set forth some procedures while omitting others testified to at the suppression hearing?
In Wright, one of the cases before this court, the CPL 710.30 notice set forth one statement given and omitted others. When defendant moved for “a Huntley hearing,” he must have been addressing the statement contained in the CPL 710.30 notice, for that is the only one of which he had formal notice the People intended to offer.
The fact that the defendant may be aware of a number of other statements he made to public officials is irrelevant. It is for the People to tell defendant which statements they intend to offer at the trial. It is not every statement the defendant makes that the People intend to offer at the trial. It is their obligation to be specific, so that when defendant requests a Huntley hearing, the request can be directed at those statements the People intend to offer at the trial, notice of which is the very essence of CPL 710.30.
Therefore, the court finds that there was no waiver of the requirements of CPL 710.30 by the defendant.