■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SYPOSS, Appellant.—Judgment reversed, as a matter of discretion in the interest of justice, and new trial granted. Memorandum: Defendant appeals his conviction of sodomy in the first degree and sexual abuse in the first degree upon a jury verdict based on two alleged incidents of sexual activity with his 14-year-old daughter.

We conclude that the court abused its discretion and denied defendant a fair trial by permitting cross-examination of defendant regarding prior immoral acts with the complainant's older sister *(People v Brown,* 70 AD2d 1043). While a defendant may be cross-examined concerning immoral, criminal or vicious acts which have a bearing on his credibility as a witness, provided the cross-examiner questions in good faith and upon a reasonable basis in fact *(People v Duffy,* 36 NY2d 258, 262, *mod* 36 NY2d 857, *cert denied* 423 US 861; *People v Kass,* 25 NY2d 123, 125-126; Richardson, Evidence § 498 [Prince 10th ed 1973]), "the law is inflexibly set against questioning as to such acts when the obvious intent is to show from character or experience a propensity to commit the crime for which defendant is on trial" *(People v Duffy, supra,* p 262; *see, People v Schwartzman,* 24 NY2d 241, 247, *mod* 24 NY2d 914, *cert denied* 396 US 846). The preferred procedure in such cases is for the defendant to request an advance ruling limiting the scope of cross-examination *(People v Sandoval,* 34 NY2d 371). However, *Sandoval* "merely established procedural guidelines and identified relevant criteria for the issuance of a ruling in advance" and "neither enlarged nor diminished the court's inherent and pre-existing power to exercise general control over the range of cross-examination"; consequently, a defendant retains the right "to object *at trial* to prejudicial cross-examination, and when his objection challenges inquiry into his prior misconduct, he is entitled to a ruling based upon the same criteria as would have been

applied had the issue been raised before trial" *(People v Ortero,* 75 AD2d 168, 174-175; *see, People v Ventimiglia,* 52 NY2d 350; *People v Innis,* 98 AD2d 808).

Defendant did not directly object to cross-examination into his alleged prior misconduct; rather, he objected to the admissibility and use of the document upon which the cross-examination was based. Thus, while defendant properly sought to invoke the general rule that "a cross-examiner cannot *contradict* a witness' answers concerning collateral matters by producing extrinsic evidence for the *sole purpose* of impeaching credibility" *(People v Schwartzman,* 24 NY2d 241, 245, *supra, see, People v Molineux,* 168 NY 264), he did not technically preserve an objection to the cross-examination as a matter of law (CPL 470.05 [2]). However, although defendant failed to articulate a proper objection, the Trial Judge was aware that the prosecutor was venturing into a highly prejudicial area *(see, People v Ventimiglia, supra).* Moreover, the evidence of defendant's guilt was far from overwhelming and we exercise our discretion to reverse the conviction in the interest of justice.

We have considered the remaining other issues raised by defendant and find them to be without merit.

All concur, except Doerr and Denman, JJ., who dissent and vote to affirm, in the following memorandum by Denman, J., in which Doerr, J., concurs.

Denman, J. (dissenting). We find the cross-examination of defendant to have been proper in all respects and therefore dissent and vote to affirm. It is well established, as the majority states, that a defendant may be cross-examined concerning prior criminal, vicious or immoral acts bearing on his credibility, provided that the questions are asked in good faith and have a reasonable basis in fact *(People v Duffy,* 36 NY2d 258, 262, *mod* 36 NY2d 857, *cert denied* 423 US 861; *People v Sorge,* 301 NY 198, 200). While such questioning is improper where it " 'has no purpose other than to show that a defendant is of a criminal bent or character and thus likely to have committed the crime charged' " *(People v Sandoval,* 34 NY2d 371, 375, quoting *People v Schwartzman,* 24 NY2d 241, 247), cross-examination concerning prior crimes or bad acts is not precluded merely because the acts inquired about are similar to the crime for which the defendant is on trial *(People v Pavao,* 59 NY2d 282, 292; *People v Sorge, supra).* Where its probative worth on the issue of defendant's credibility outweighs its potential for prejudice, such cross-examina-

tion is entirely proper *(People v Sandoval, supra)* and that determination is entrusted to the sound discretion of the trial court *(People v Pavao, supra,* p 292).

Defendant was charged with sodomizing and sexually abusing his daughter when she was 14 years old. Under the circumstances presented here, the trial court did not abuse its discretion in permitting the prosecutor to cross-examine defendant concerning his alleged prior acts of sexual abuse of the complainant's older sister. The case pitted complainant's testimony that defendant repeatedly sexually abused her from the time she was 12 years old against defendant's testimony that he had not. Defendant's credibility versus that of his daughter was thus the single, critical issue. Since defendant had no criminal record, questioning him about prior acts of sexual abuse against his older daughter was the only means by which the prosecutor could impeach him. The trial court found that the probative value of this cross-examination on the issue of credibility outweighed its potential for prejudice and it was within his discretion to do so. The Judge delivered scrupulously careful and forceful limiting instructions on three occasions, clearly informing the jury that references to defendant's prior bad acts bore only on his credibility and could not be considered as evidence that he had committed the crimes charged.

Citing *People v Schwartzman* (24 NY2d 241, *supra),* the majority contends that a cross-examiner cannot contradict the answers of a witness on collateral matters by means of extrinsic evidence. Putting aside the fact that *Schwartzman* does not stand for that proposition, it is, in any event, irrelevant to the facts of this case. The prosecutor here neither used nor sought to admit the statement by the older daughter which formed the basis for this cross-examination. Defense counsel's *only* objection was that the prosecutor was attempting to get that statement into evidence by the questions she asked defendant. In response, the prosecutor, out of the presence of the jury, spread on the record that she had not referred to the document as a statement, only as an exhibit, and that, after showing the exhibit to defendant and asking him if it refreshed his recollection of the events contained therein, she placed it on the counsel table and did not refer to it again. The court then reminded defense counsel that it was he who had informed the jury that the exhibit was a statement by the older daughter.

There was no objection on any other ground and, contrary to the conclusion of the majority, nothing alerted the trial

court to defendant's present contention that it was an abuse of discretion to permit this questioning. For the majority to find that it was error on *Sandoval* grounds and reach it in the interest of justice simply because it was prejudicial is, it seems to us, wholly inappropriate. Any evidence which tends to prove a defendant's guilt or lack of veracity is prejudicial; that does not make it inadmissible. This cross-examination was the only vehicle by which the prosecutor could place defendant's credibility before the jury and it was thus entirely proper *(see, People v Matthews,* 68 NY2d 118). (Appeal from judgment of Supreme Court, Erie County, Francis, J.—sodomy, first degree, and sexual abuse, first degree.) Present—Callahan, J. P., Doerr, Denman, Balio and Schnepp, JJ.