The People of the State of New York, Respondent, v
Albert Ludolph, Appellant.

Fourth Department, July 13, 1978

78

**APPEARANCES OF COUNSEL**

*Edward J. Nowak (William Hasenauer* of counsel), for appellant.

*Lawrence T. Kurlander, District Attorney (Stephen Brent* of counsel), for respondent.

**OPINION OF THE COURT**

DILLON, J.

The jury found defendant guilty of criminal possession of stolen property in the first degree (Penal Law, § 165.50) as charged in a single-count indictment. On appeal, he argues that the pretrial notice which was served upon him pursuant to CPL 710.30 was prejudicially incomplete; that the trial court erred in refusing to charge unauthorized use of a vehicle as a lesser included offense of criminal possession of stolen property; and that he was denied his constitutional right to a public trial.

On February 18, 1976, as the defendant and one Kenneth Steely, aged 18 and 15 respectively, walked through the parking lot of Milbury Oldsmobile in the City of Rochester, the defendant observed keys inside of a parked Oldsmobile. According to Steely, who testified as a prosecution witness, the defendant asked him if he wanted to "take" the car, and he agreed. There had been no prior discussion between the two about stealing a car.

They entered the vehicle and after the defendant drove for a period of time, they stopped at another lot, removed a license plate from a parked vehicle and affixed it to the rear of the Oldsmobile. At some point thereafter, the defendant had the car filled with gasoline and left the station without paying the attendant. Later that day, after driving the defendant to his home, Steely parked the car in an empty lot and removed the keys.

On the following morning Steely accompanied by Bobby Bryan, 16 years age, returned to the car and drove it to the defendant's home where they were joined by the defendant. After operating the car for a while the defendant entered

another gas station and ordered gasoline. Again he drove off without paying. Shortly thereafter, the three young men were apprehended by the Rochester police following a high-speed chase.

Prior to trial, the People served a notice upon the defendant pursuant to CPL 710.30 which stated that: "The People intend to offer evidence of a statement made by the defendant to a public servant. Oral admission to Det. King that defendant had stolen the car February 18, 1976 and had used the car two days."

Upon the trial as the prosecutor undertook inquiry of Detective King as to the police interrogation of the defendant following his arrest, the Trial Judge asked whether there had been a pretrial *Huntley* hearing. Defense counsel replied that he did not want a hearing because the People had furnished "a statement of what is going to be said and I am satisfied with that statement."

Detective King then testified that the defendant said that he took the car from Milbury Oldsmobile and that he drove it around for two days. As Detective King recounted that he had asked the defendant when he planned to return the vehicle, defendant's counsel objected on the ground that such testimony was outside the scope of the CPL 710.30 notice. The objection was overruled and King testified that the defendant said "that he was planning to use the vehicle until he either got stopped by the police or something happened to it".

It is clear on this record that such testimony impaired the defendant's claim that he was not guilty of the particular crime charged. The cross-examination of the People's witnesses was intended to show that the taking of the automobile was an implusive rather than a reflective act; that the defendant engaged in no discussion with his accomplices about dismantling or keeping the automobile; and that the vehicle was recovered in an undamaged condition. It is evident from the cross-examination that counsel was attempting to characterize the defendant's conduct as constituting the lesser offense of unauthorized use of a vehicle (Penal Law, § 165.05, subd 1) and thus Detective King's testimony as to defendant's statement of his plan for retention of the automobile was of crucial importance.

■ While a notice pursuant to CPL 710.30 need not contain a verbatim report of a defendant's oral statement, the failure, as here, to include a signifcant admission rendered the notice

deficient to the extent of the omission (see *People v Greer,* 42 NY2d 170) and served to frustrate the defendant's opportunity to prepare an appropriate defense (see *People v Briggs,* 38 NY2d 319). While the deficiency might have been cured at trial upon a showing of good cause, the trial court would nontheless have been required to afford the defendant "reasonable opportunity * * * to make a suppression motion" (CPL 710.30, subd 2). The deficiency was unexplained in the record, however, and the defendant's objection to the disputed testimony was summarily overruled. Its admission under such circumstances constituted reversible error (CPL 710.30, subd 3).

We next address the issue of whether unauthorized use of a vehicle should have been submitted to the jury as a lesser included offense of criminal possession of stolen property in the first degree. The defendant's request for such a charge was denied.

"Lesser included offense" is defined in CPL 1.20 (subd 37) as follows: "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense.' "

In *People v Graham* (57 AD2d 478, 482, affd 44 NY2d 768), Justice Witmer summarized the principles applicable to a determination of whether an offense is a "lesser included offense": "It is settled law that 'if, upon any view of the facts, a defendant could properly be found guilty of a lesser degree or an included crime, the trial judge must submit such lower offense' *(People v Mussenden,* 308 NY 558, 561-562). Thus, before the court may charge a 'lesser included offense' it must be satisfied (1) that the offense in question meets the statutory definition of a lesser included offense of the crime charged in the indictment and (2) that a reasonable view of the evidence would support a finding that the defendant committed the lesser offense but did not commit the greater (CPL 300.50; *People v Johnson,* 39 NY2d 364, 367; and see *People v Greer,* 49 AD2d 297, 301). However, if it appears that an additional element or fact must be shown to be present in the lesser crime, then it may not be found to be included in the greater crime *(People v Acevedo,* 40 NY2d 701; *People v Moyer,* 27 NY2d 252)."

■ The People argue that it is possible to commit criminal possession of stolen property without concomitantly commit-

ting unauthorized use of a vehicle because the latter contains a necessary element not included within the former, i.e., the *use* of a vehicle. That argument must fail, however, since its efficacy requires that we superimpose "the 'impossibility' formula of lesser included offense upon the abstract statutory language" rather than focusing the definitional test, as we must, upon the particular facts of the case on trial *(People v Stanfield,* 36 NY2d 467, 472; *People v Hayes,* 43 AD2d 99, 101, affd 35 NY2d 907).

While it is true that "[w]henever the putative lesser crime requires proof of an element not required by the greater one * * * there is no inclusion" *(People v Acevedo,* 40 NY2d 701, 706), it does not follow that unauthorized use of a vehicle is a noninclusive offense in the circumstances of this case. The issue must be resolved "within the confines of the acts specified in the indictment or on the trial evidence offered to support it" *(People v Henderson,* 41 NY2d 233, 235) and not on "some variation of the greater offense that is not attributed to the defendant" *(People v Hayes, supra,* p 101).

The stolen property which the defendant was alleged to have criminally possessed was a motor vehicle. That crime may be established by proof that the defendant had physical possession of the property or otherwise exercised dominion or control over it (Penal Law, § 10.00, subd 8). Unauthorized use of the vehicle may be proved by showing that the defendant took the vehicle, or that he operated it, or that he exercised control over it, or that he rode in it, or that he otherwise used it (Penal Law, § 165.05, subd 1). The evidence adduced by the prosecution to establish criminal possession of stolen property showed that the defendant personally took and used an automobile for two days. Thus the offense of unauthorized use of a vehicle was necessarily committed during the commission of the crime charged.

The People next argue that there was no reasonable view of the evidence which would have supported a finding that the defendant committed the lesser but not the greater offense (see CPL 300.50, subd 1). A court may refuse to submit included crimes only where the evidence excludes every possible hypothesis but the higher crime *(People v Malave,* 21 NY2d 26, 29; *People v Moran,* 246 NY 100, 103). Since a jury is free to accept or reject all or part of the evidence presented *(People v Jenkins,* 41 NY2d 307, 314; *People v Henderson,*

*supra,* p 236) and may convict of a lower crime even though conviction of a greater crime is warranted *(People v Brown,* 63 AD2d 836), the jury here could have found that the automobile was not stolen property in that it was not taken by the defendant with the intent to deprive another of the property or to appropriate it to himself (see Penal Law, § 155.05, subd 1; see, also, Penal Law, § 155.00, subds 3 and 4). It thus could have determined that the defendant was guilty of unauthorized use of a vehicle but not of criminal possession of stolen property. Accordingly, we conclude that on the facts of this case, unauthorized use of a vehicle is a lesser included offense which should have been charged to the jury in response to the defendant's request (CPL 300.50, subd 2; *People v Cook,* 51 AD2d 1072; cf. *People v Mafucci,* 53 AD2d 701).

The defendant's final claim is that he was denied his right to a public trial (US Const, 6th Amdt; Judiciary Law, § 4). Before the first witness was sworn the District Attorney moved to close the courtroom during the testimony of Steely and Bryan on the ground that both were young boys and one was a juvenile at the time of the crime. The motion was granted over the objection of the defendant and the courtroom was cleared. The People then called Paul Reecer, an employee of Milbury Oldsmobile, as the first witness. He was asked three questions, and thereupon defendant's counsel stated: "Your Honor, there are some people out there who would like to hear this testimony. Could they come in to hear this testimony?" The request was denied.

■ While there may have been some justification for excluding the public during the testimony of Steely and Bryan (see CPL 720.15, subd 2; see, also, Family Ct Act, § 741, subd [b]), the court clearly erred in extending its closure order to include Reecer's testimony. Although a court in the exercise of discretion may suspend the right of a defendant to a public trial (see, e.g., *People v Smallwood,* 31 NY2d 750; *People v Hinton,* 31 NY2d 71, 73; *People v Jelke,* 308 NY 56, 63), such action must be warranted by compelling or unusual circumstances *(People v Hinton, supra,* pp 75-76; *Matter of Gannett Co. v Mark,* 54 AD2d 818, 819), even where the public is excluded for a relatively brief period during a trial *(People v Garcia,* 51 AD2d 329, affd 41 NY2d 861). It is well settled that the improper denial of a defendant's right to a public trial requires reversal of his conviction despite the absence of an affirmative showing of prejudice *(People v Jelke, supra; People*

*v Boyd,* 59 AD2d 558; *People v Morales,* 53 AD2d 517; *People v Richards,* 48 AD2d 792; *People v Tillery,* 36 AD2d 928).

The judgment of conviction should be reversed and a new trial granted.

MARSH, P. J., MOULE, SIMONS and SCHNEPP, JJ., concur.

Judgment unanimously reversed, on the law and facts, and a new trial granted.