■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY LUIS RIVERA, Appellant.—Judgment, Supreme Court, Bronx County, rendered April 5, 1978, convicting defendant on a nonjury trial of robbery in the first degree (Penal Law, § 160.15), and sentencing him to an indeterminate term of imprisonment not to exceed 10 years, is unanimously affirmed. The primary issue raised relates to the alleged failure of the District Attorney to give to defendant's attorney adequate pretrial notice of the content of a statement alleged to have been made by defendant to a police officer. The statute requires that the District Attorney serve a notice of intention to offer at a trial evidence of such a statement (or evidence of previous identification) "specifying the evidence intended to be offered" (CPL 710.30, subd 1). Here the District Attorney in the first instance apparently merely stated that a statement had been made without giving the content of the statement, to whom it was made, or the circumstances. (The notice is not included in the record and we accept appellant's statement of it.) We are aware that this is frequently the form of notice the District Attorney uses. In our view, this does not comply with the statute. However, the trial attorney never made any objection to the sufficiency of the written notice. More important, in the circumstances of the present case, the objection was waived as a matter of deliberate strategy on the part of defendant's attorney. Before the trial, the District Attorney, at defendant's request, had informed the attorney orally of what he deemed to be the substance of the statement. (There was no stenographic transcript of the statement.) On the morning when the trial was to begin, but immediately before the trial (see CPL 1.20, subd 11), defendant's attorney stated his understanding of what the statement was, i.e., that defendant told one of the officers that he was there and that they (the perpetrators) threatened him with a bat, "something like that." He added, "My client says that's what he said and it is not inculpatory. It's exculpatory. I know what was said and how and it doesn't hurt the man; it helps, so I have no hearings." Later that day in the course of the trial, the police officer testified in essence that the defendant said he participated in the robbery but that the others had forced him to take part in it. At this point, defendant's attorney moved to suppress and exclude on the ground that the statement went beyond what he had been told, that he now sees that it was not exculpatory, and that the District Attorney was guilty of misconduct. The District Attorney replied that the statement was what he had told defendant's attorney and that he had said it went along with the affirmative defense of duress that defendant's attorney told him he was going to make, such a defense necessarily assuming participation in the crime. Defendant's attorney denied that he had ever considered or suggested a defense of duress. We note that in the District Attorney's opening statement, coming very shortly after defendant's attorney's original statement of his understanding of the conversation, the District Attorney clearly stated that the People would prove that defendant said at the time of his arrest "that he was under duress to do this crime," and that the People would also show that "contrary to what defense counsel said, that there was an [no?] element of duress here." Defendant's alleged statement to the police officer was oral; the officer summarized that statement to the District Attorney; the District Attorney then summarized that orally to defendant's

attorney; and defendant's attorney orally summarized on the record what he had been told, "something like that." There is obviously plenty of room for differences of emphasis and omission among these summaries, even when they are consistent with each other. A difference of recollection between the District Attorney and the defendant's attorney as to the precise terms of the District Attorney's oral summary of defendant's alleged statement is not surprising. Omission by defendant's attorney in his brief summary of one or another element would hardly alert the District Attorney to any misunderstanding by defendant's attorney. In any event, when this difference of recollection surfaced during the trial, the court immediately offered the defendant the opportunity of a *Huntley* hearing. Again defendant's attorney refused, although he said "I know I can get any kind of hearing I need." By this time, the police officer had already testified fully as to the *Miranda* warnings and there has been no suggestion of any other reason why the statement might be suppressible. Also, as this was a nonjury trial, there was ample opportunity for any adjournments to meet the needs of the parties; in fact, about six weeks elapsed between this session of the trial and the next session. We note that CPL 170.30 (subd 3) says that in the absence of the notice prescribed in the statute, no evidence of the statement may be received against defendant upon trial "unless he has, despite the lack of such notice, moved to suppress such evidence and such motion has been denied". We think the same effect should be given to an intentional waiver of such a motion. The suggestion of defendant's appellate counsel that trial counsel was ineffective is not established on this record. "Generally, the ineffectiveness of counsel is not demonstrable on the main record * * * Consequently, in the typical case it would be better, and in some cases essential, that an appellate attack on the effectiveness of counsel be bottomed on an evidentiary exploration by collateral or postconviction proceeding brought under CPL 440.10 (cf. *People v Brown,* 28 NY2d 282, 286-287)." *(People v Brown,* 45 NY2d 852, 853-854.) In the present case, if defendant's trial attorney was planning a defense of duress, he could have quite reasonably decided not to attack the statement; the present record is thus at least consistent with a change of tactics by defendant's attorney for whatever reason. So far as appears, defendant's trial attorney was familiar with the basic principles of criminal law and urged the contentions and objections that he thought would help his client. Fault which appellate counsel, with the benefit of hindsight, finds with a particular decision by trial counsel is not the equivalent of ineffective representation by trial counsel. Concur—Fein, J. P., Sullivan, Markewich, Silverman and Ross, JJ.