OPINION OF THE COURT
Joseph C. Calabrese, J.
Defendant Denise Chastain, charged along with codefendant Brian Lovell of committing petit larceny in violation of Penal Law § 155.25, has made a motion for severance. The application is hereby denied.
Under CPL 200.40, the court may, in its discretion and for *951 good cause shown, order that one defendant be tried separately from another. Good cause, under the statute, includes a finding that a defendant will be unduly prejudiced by a joint trial.
The legal test for severance motions, as set out in 34 NY Jur 2d, Criminal Law, § 2273, is whether a separate trial will assist or impede the administration of justice and secure to the accused the right to a fair trial. The exercise of the court’s power in regard to ordering separate trials is conditioned upon advancement of justice and upon a showing of good cause. Where proof against the defendant is supplied by the same evidence, only the most cogent reasons warrant a severance.
Applying the above standards to the case at bar, the court has determined that refusal of a severance request would not impede the administration of justice nor impair a substantial right of Ms. Chastain.
The defendant also relies on her status as an “eligible youth” in making the severance request. The court is not persuaded by this aspect of the case and the motion is accordingly denied in this regard as well.
CPL 340.40 is titled “Modes of trial.” Subdivision (7) states that "Notwithstanding any other provision of law, in any local criminal court the trial of a person who is an eligible youth within the meaning of the youthful offender procedure set forth in article seven hundred twenty and who has not prior to commencement of the trial been convicted of a crime or adjudicated a youthful offender must be a single judge trial.”
Pursuant to CPL 720.15, setting forth the youthful offender procedure, subdivision (2) states, “When a youth is initially arraigned upon an accusatory instrument, such arraignment and all proceedings in the action thereafter may, in the discretion of the court and with the defendant’s consent, be conducted in private.”
In view of the requirement that Ms. Chastain have a bench trial, and the statutory allowance of court discretion in regard to the option of private proceedings, this matter shall proceed as follows:
In the framework of a joint trial, the charge against Ms. Chastain shall be determined by the Judge presiding and the charge against Mr. Lovell will be decided by a jury. The trial shall be public to the same extent as any other.
The court has made this determination pertaining to the *952 "privacy” aspect of the case in light of the importance of Mr. Lovell’s constitutional right to a public trial and the discretionary feature of the youthful offender statute pertaining to private proceedings. It should be kept in mind that there is no constitutional right to youthful offender status. Youthful offender treatment is an entirely gratuitous creature of the Legislature. (People v Drayton, 39 NY2d 580.)
Although a court in the exercise of discretion may suspend the right of a defendant to a public trial, such action must be warranted by compelling or unusual circumstances, even where the public is excluded for a relatively brief period during a trial. (People v Ludolph, 63 AD2d 77.)
Due deference to Mr. Lovell’s right to a public trial has not been demonstrated to infringe upon Ms. Chastain’s rights. Therefore, the trial of the codefendants will be public in nature.
It is further noted that the allowance of separate trials would be an inefficient, unwarranted use of limited judicial resources. Accordingly, the severance application is in all respects denied.