OPINION OF THE COURT
Alfred Donati, Jr., J.
The defendant stands accused of the crimes of petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40).
On January 7, 1988, defendant moved, inter alia, for an order precluding the use, at trial, of statement(s) allegedly made by defendant. On January 21, 1988, for the reasons that *248 follow, the court granted the defendant’s motion from the Bench.
At the arraignment herein the People proffered statement notice pursuant to CPL 710.30 (1) (a) by stating that "the defendant signed a store statement”; the People then reserved further notice, over the objection of the defendant.
Defendant contends the aforesaid "notice” is legally insufficient to satisfy the requirements of CPL 710.30 (1) (a).
The question thus presented is one of apparent first impression and is significant, at least in this county, in that the form of statement notice given by the People in this case is the usual form of CPL 710.30 (1) (a) (statement) notice given by the People in numerous "shoplift” cases which come before the New York County Criminal Court. In such cases the "store statement” is the written statement obtained from the defendant by the store security force which apprehended the alleged shoplifter. Also in such cases, the People do not provide at arraignment even the substance of the statement, but "reserve” notice until a later date.
CPL 710.30 provides, in pertinent part, as follows:
"1. Whenever the people intend to offer at a trial (a) evidence of a statement made by a defendant to a public servant,[1] which statement if involuntarily made would render the evidence thereof suppressible upon motion pursuant to subdivision three of section 710.20 * * * they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.
"2. Such notice must be served within fifteen days after arraignment [except that] the court may permit the people to serve such notice, thereafter for [good cause shown].[2]
"3. In the absence of service of notice upon a defendant as prescribed in this section, no evidence of a kind specified in subdivision one may be received against him upon trial” unless the defendant has nevertheless máde an unsuccessful *249 suppression[3] motion directed at such evidence. (Emphasis added.)
CPL 710.30 was most recently the subject of analysis by the Court of Appeals in People v O’Doherty (70 NY2d 479 [1987]).
Although the court there addressed the specific matter of the statutory requirement of "good cause” for delay in serving statement notice, the broader lesson to be learned from O’Doherty (supra) is derived from the court’s strict reading of that section’s provisions. The court found that the "plain language of the statute” reflected "a legislative policy determination with which the courts may not interfere” and that the "plain meaning of the statutory language” governed its interpretation. (70 NY2d, supra, at 487.)
The court’s strict reading of certain provisions of the statute must likewise include a strict reading of other of the statute’s provisions, including the phrase "specifying the evidence intended to be offered” set forth in CPL 710.30 (1). Webster’s Third New International Dictionary (Merriam-Webster 1986) defines the word "specify” as, "to mention or name in a[n] * * * explicit manner: tell or state precisely or in detail” (emphasis added). The "plain language of the statute” and the "plain meaning” of the word "specify” thus clearly render a cryptic acknowledgement of the existence of a "store statement”, together with a naked reservation of more detailed notice, repugnant to the statute and at odds with the teaching of O’Doherty (supra).
Moreover, as pointed out in O’Doherty (supra), the goals of this statute, underlying the Legislature’s directive, concern the efficient conduct of criminal prosecutions, as well as considerations of fairness to the defendant, and "would not be well served by the dilution or disregard” of a critical phrase in the statute. (70 NY2d, supra, at 488.)
Finally, the court concluded that the "exclusionary sanction for failure to comply contained in CPL 710.30 (3) reflects a judgment that the loss of the use of the evidence is an acceptable price to pay to achieve the desired goals”; that though the "price” may be "high and the requirements of the statute burdensome, we cannot dilute or disregard the requirements” of the statute "in an effort to avoid exacting the price without trespassing on the Legislature’s domain and under *250 mining the purposes of the statute.” (70 NY2d, supra, at 488-489.)
The reasoning and principles set forth in O’Doherty (supra) apply in their entirety to the issue before the court in the instant case. The notice given by the People did not sufficiently specify the evidence intended to be offered as prescribed in the subject section.
Accordingly, the defendant’s motion is granted.

. The court assumes the statement involved in this case was made "to a public servant” since defendant’s objection to the notice given put in issue the various provisions of this section and the People at no point maintained the contrary and thus did not satisfy their burden to demonstrate the contrary, even if that were the People’s position.

. The People never offered a more detailed version of the "store statement” and thus no issue is presented as to whether there was "good cause” shown for notice of a more detailed statement given more than 15 days after arraignment (see, CPL 710.30 [2]).

. As previously indicated defendant here moves for an order of preclusion, not suppression.