OPINION OF THE COURT
Richard C. Failla, J.
The defendant, Gennero Grandenetti, was arraigned in Criminal Court on June 5, 1987 and charged with the crime of robbery in the first degree. At the time of the defendant’s *615 arraignment, the People served statement notice in accordance with CPL 710.30 (1) (a).
The defendant was subsequently indicted for the crime charged and thereafter the People filed with the court and served on the defense a copy of their voluntary disclosure form. This form reasserted the statement notice given at the arraignment and contained the following summary of the defendant’s statement given to a Police Officer Wich: "In substance the defendant stated that he did not rob people. Robbery was not his thing. Defendant did state that he sometimes went with people to cash machines.”
By notice of motion dated July 21, 1987, the defendant moved for pretrial hearings. That application was decided in August of 1987 and among the hearings ordered was a Huntley hearing to test the admissibility of the statements for which the People had served the required CPL 710.30 notice.
Due to various reasons, including the assignment of new counsel in December of 1987, the matter was adjourned numerous times. Pretrial hearings finally commenced on February 23, 1988, over eight months after the defendant’s original arraignment. In reference to the Huntley issue, Police Officer Wich testified that the defendant stated to him, "I don’t rob people. I’m a con man. I sometimes take people to cash machines to get money.” Upon hearing this testimony, the defendant moved to preclude use of the statement at trial, claiming that the notice he had received was prejudicially incomplete.
The fact that the People’s notice did not contain an exact or full report of the defendant’s oral statement does not, in and of itself, negate the sufficiency of such notice. (See, People v Couch, 74 AD2d 582, 583 [2d Dept 1980], citing People v Rivera, 73 AD2d 528 [1st Dept 1979], affd 53 NY2d 1005 [1981].) But, where the difference between the notice served and the statement to be offered at trial serves to frustrate the defendant’s opportunity to fashion an appropriate defense, then the notice does not meet the requirements and serves to defeat the intent of CPL 710.30 (1) (a). (People v Ludolph, 63 AD2d 77, 81 [4th Dept 1978], citing People v Briggs, 38 NY2d 319 [1975].)
In Ludolph (supra) the defendant was charged with criminal possession of stolen property (an automobile). The People had served notice that Ludolph had made an oral admission that he " 'had stolen the car February 18, 1976 and had used the *616 car two days.’ ” (Supra, at 80.) The defense waived a Huntley hearing, intending to rely on the statements as a defense to the crime of criminal possession of stolen property and as characterizing the defendant’s conduct as constituting the lesser offense of unauthorized use of an automobile. At trial, testimony was offered not only as to the statement contained in the notice but also that Ludolph had said " 'that he was planning to use the vehicle until he either got stopped by the police or something happened to it’ ”. (Supra, at 80.) Such testimony impaired Ludolph’s claim that he was not guilty of the crime charged. The failure, as in this case, to include a significant portion of a defendant’s admission rendered the notice deficient to the extent of the omission. (People v Ludolph, 63 AD2d, supra, at 81, citing People v Greer, 42 NY2d 170 [1977].)
Here, as in Ludolph (supra), it is clear from the record that Grandenetti’s theory of his defense was abrogated by Officer Wich’s testimony at the Huntley hearing. Up until the hearing, which was to be immediately followed by trial and was held some eight months after the defendant’s arrest, Grandenetti had been prepared to assert, and indeed had been asserting, that the incident leading to his arrest was not a robbery but a marihuana sale gone bad. The omissions and differences between the notice he received and the officer’s testimony precluded on the eve of trial his planned defense. The required statement notice given by the People therefore was legally deficient to the extent of the omissions and differences.
The People argue that even if the court finds, as it does, that the statement notice was defective to the extent of the omission, the defect was cured by the fact that the defendant was given the opportunity to completely challenge the entire statement at the Huntley hearing.
In light of the triology of cases recently decided by the Court of Appeals emphatically binding the People to their statutorily allotted 15 days within which to serve CPL 710.30 notice, the People’s position is not viable. In People v Boughton (70 NY2d 854 [1987]) the prosecution served timely notice of their intention to use the defendant’s oral statements at trial. Upon the defendant’s motion to suppress those statements, the prosecutor indicated that no such statement existed and, therefore, he was withdrawing the notice. However, at the start of jury selection, the prosecutor informed the defendant that the withdrawal was in error, the statements did exist, whereupon the defendant moved for preclusion. *617 Rather than grant the defendant’s motion the trial court held a Huntley hearing after which it found the statements admissible. (Supra, at 855.) The Court of Appeals reversed, ruling that the defendant’s motion to preclude the statements should have been granted. (Supra.) The court reasoned that the defendant did not receive effective notice until well after the expiration of the 15 days afforded by CPL 710.30 and no good cause was shown for the delay. (Supra; see also, People v McMullin, 70 NY2d 855 [1987]; People v O’Doherty, 70 NY2d 479 [1987].) Thus, contrary to the People’s assertion, the opportunity for a full hearing is no longer controlling. It therefore follows that to the extent that the People here do not offer a good cause excuse for the delay in serving the defendant with complete CPL 710.30 notice, they cannot now use the defendant’s entire statement. Accordingly, the People are bound by the notice they originally served on the defendant through their voluntary disclosure form. The defendant’s motion to suppress the statement as otherwise testified to by Officer Wich is granted.