OPINION OF THE COURT
Phylis Skloot Bamberger, J.
In a pretrial motion the defense seeks to preclude admission of one of the defendant’s statements. The defendant, relying on CPL 710.30 (1) (a) and People v O’Doherty (70 NY2d 479 [1987]), argues that the notice of intent to use the evidence was late and no good cause was shown by the State to excuse the out-of-time filing. The State appears to argue that the good cause requirement does not apply here because timely notice was actually given about another of the defendant’s state *459 ments and, therefore, the only issue before this court is whether the defendant was prejudiced by the late notice. This case raises questions concerning the application of O’Doherty to cases in which the defendant has made multiple statements. It necessarily concerns the continuing validity of a series of pre-O’Doherty decisions which involve multiple statements or confessions.
FACTS
Defendant was arrested on April 18, 1987. An indictment charging burglary in the second degree, burglary in the third degree and criminal mischief in the fourth degree was filed on May 5, 1987. On May 18, 1987, defendant was arraigned on the indictment. Attached to the indictment was a voluntary disclosure form stating that the People intended to introduce at trial a statement the defendant made at the time of his arrest: “I was meeting my friend who lives in the building (apt. 4F). I was just wandering around the building. Can you give me a break and drop it down to trespass. I can’t afford a felony.”
On August 19, 1987, the defense filed an omnibus pretrial motion, which included a motion to suppress the statement made by the defendant disclosed at the time of the arraignment. The People answered on September 1,1987.
On March 31, 1988, the court in which the case was pending directed a Huntley hearing be held. On the same date, some ÍOV2 months after the arraignment, the People gave notice of “further statement made by the defendant herein.” The oral statement “in sum and substance” was said to be: “I ended up in the basement because I pushed the wrong button on the elevator. I don’t know the name of my friend in 4F.”
On April 19, 1988, the defense, citing People v O’Doherty (supra), moved to preclude the admission of the statement of which notice was given on March 31, 1988. The People opposed the motion relying on People v Brooks (121 AD2d 392 [2d Dept 1986]), and the Appellate Division decision in People v Bennett (80 AD2d 68 [3d Dept 1981], affd on limited grounds 56 NY2d 837 [1982]), two decisions which predated O’Doherty. The People assert the late notice was justified because the later disclosed statement “merely elucidated the original one”, that it could be presumed from the first statement that the police “delved further into defendant’s claim” and that the defense was therefore on notice that information about apart *460 ment 4F was an important area of investigation, and that the Huntley hearing provides an opportunity "to investigate the precise statements of the defendant.” Finally, the People claim that the defense omnibus motion included the statement which was disclosed more than seven months later. The People supplied no reason at all for the failure to give timely notice. The motion to preclude was granted after oral argument on June 16, 1988. This opinion sets forth the reasoning of the court.
DISCUSSION
CPL 710.30 requires that the People serve upon the defendant within 15 days of arraignment the notice of intent to offer at trial evidence of statements given by the defendant to public servants. Evidence means "any tangible property or potential testimony”. (CPL 710.10 [2].) The notice may be made beyond the 15 days if the People show good cause. The Court of Appeals held that courts must strictly enforce the good cause requirement:[1] "The language which triggers the People’s opportunity to serve a late notice — '[f]or good cause shown * * * the court may permit the people to serve such notice’ — was unaffected by the 1976 amendment [requiring notice within 15 days of arraignment] and thus remains an 'unqualified] command’ that the court may permit service of an untimely notice 'only upon a showing of good cause’ (People v Briggs, supra, at 323). Such a showing is, therefore, indispensable. Only if that threshold is crossed may the court move on to considerations of prejudice to the defendant, and only then because the existence of prejudice may preclude granting the relief sought by the People, notwithstanding their showing of good cause”. (People v O’Doherty, 70 NY2d, supra, at 487.) Without question, the Court of Appeals established as the threshold to admit statements disclosed after the time period a showing of good cause. (Supra, at 487; see also, People v McMullin, 70 NY2d 855 [1987].) In neither its written response to the defense motion to preclude nor at oral argument did the People make any effort to show good cause. The issue *461 was never even addressed by the People although, as part of the recitation of the legal principles applicable, good cause was discussed in the defendant’s motion. This failure on the part of the People results in preclusion.
However, it is necessary to discuss the People’s arguments against preclusion because they present important unresolved issues under O’Doherty (supra). The People’s position is that the good cause requirement is not applicable and preclusion is not required because the late-noticed statement "merely elucidated” the first one. The State looks for support in People v Brooks (supra) and the Appellate Division decision in People v Bennett (supra). In Brooks (supra, at 392) the court found admissible against the defendant his statement because the notice contained the "sum and substance” of the single statement and because the defendant had a full opportunity to challenge the admissibility of the statement at a Huntley hearing. In Bennett the notice was of both a written and an oral statement. Pursuant to a discovery request, the written statement was delivered to the defense and the defense was advised that the oral statement was in "sum and substance” like the written one. At trial, the officer testified to what the defense claimed was not contained in the statements which were the subjects of the proceedings. The Appellate Division ruled the two statements were essentially the same, and that the defendant had a full opportunity to litigate the voluntariness of the statements.
Brooks (supra) and Bennett (supra) each reflect a separate line of cases. The first line, including Brooks, deals with timely notice of a single statement under CPL 710.30 and is irrelevant to this case. The issue for resolution in those single-statement cases is the adequacy of the notice. Mere notice of the statement, without recitation of its sum and substance, is inadequate. (People v Couch, 74 AD2d 582 [2d Dept 1980]; People v Ludolph, 63 AD2d 77 [4th Dept 1978]; see also, People v Rivera, 73 AD2d 528 [1st Dept 1979], affd 53 NY2d 1005 [1981].)[2] Although the Court of Appeals held that deficiency in the notice was error if not justified by good cause along with a hearing on the additional portion of the statement (People v Greer, 42 NY2d 170 [1977]; see also, People v Ludolph, supra), *462 incomplete "sum and substance” notices were held adequate without good cause if the defense was given an opportunity to explore the issues at a hearing. (People v Brooks, supra; People v Brotherton, 122 AD2d 850 [2d Dept], lv denied 69 NY2d 709 [1986].) After O’Doherty (supra), the Huntley hearing cannot be used to cure a late notice not justified by good cause. (People v Grandenetti, 139 Misc 2d 614 [Sup Ct, NY County 1988]; see also, People v Barclift, 140 AD2d 615 [2d Dept 1988] [where the statement raised at trial differed from the notice and was held to be error, but was held on appeal to be harmless because of the strength of the other evidence].)
The second line of cases, including Bennett (supra), deals with notice of one statement when the State plans to use other separate statements. It is these cases that are applicable here. The People acknowledge in their March 31 notice that the statement was separate from the one included in the first notice. Furthermore, there is implicit acknowledgement by the People in paragraph 19 of the affirmation in opposition to the motion to preclude that there were two separate statements given by the defendant. The People assert that contents of the statement which was included in the original notice made it "reasonable to presume that the police had delved further into the defendant’s claim,” and that the defense would be on notice of the contents of any resulting statement.
Prior to O’Doherty (supra), when two statements were substantively the same, notice of one was sufficient. In People v Bennett (56 NY2d 837, affg 80 AD2d 68, supra) the prosecution’s notice was of a written statement in which the defendant assumed responsibility for contraband found in an apartment and in which he stated that others knew nothing about the coke in the house. The notice also disclosed that an oral statement was in sum and substance like the written one. The content of the oral statement, disclosed for the first time at trial, was that the defendant put coke he owned in a pocketbook in the apartment. The written statement and the later disclosed oral statement were held to be "substantively the same”. (Supra, at 71; see also, People v Sullivan, 117 AD2d 476, 478 [3d Dept], lv denied 68 NY2d 918 [1986].) If, however, the multiple statements were different, the error could be cured by the Huntley hearing. In People v Anderson (80 AD2d 33 [4th Dept 1981]) the court concluded that the failure of the State to give notice of 2 of the 3 statements was error, but that the error could be cured by a late notice and hearing. (See also, People v Swanton, 107 AD2d 829 [2d Dept 1985]; *463 People v Taylor, 102 AD2d 944 [3d Dept 1984], affd on other grounds 65 NY2d 1 [1985].)
These precedents raise three issues in this case: is the second statement, disclosed by the prosecution on March 31, substantially the same as the one disclosed earlier; if the two statements are the same, does O’Doherty (supra) nevertheless require notice of each; and is good cause required to excuse a late notice. The answer to each question is yes. Here, of course, there is no identity of content. This lack of identity is inherent in the People’s position that one statement "elucidates” the other and that the first statement produced the second. It is explicit in the notice of "further statement”. The statements themselves show they are not identical. The first statement was that defendant was meeting a friend who lived in 4F and was wandering around the building; the second was that he did not know the name of his friend in 4F and an admission that he was in the elevator going to the wrong floor. Furthermore, the two statements do not elucidate, but contradict each other.
Even if the two statements were essentially the same in content, O’Doherty (supra) requires preclusion of the late-noticed statement and implicitly overrules the earlier decisions cited above. O’Doherty finds the origins of CPL 710.30 in Jackson v Denno (378 US 368 [1964]), in which the Supreme Court required a pretrial determination of the voluntariness of a confession or admission. People v Huntley (15 NY2d 72, 74 [1965]) set out procedures for implementing Jackson, including the notice of any confession or admission to be offered in evidence. CPL 710.30 was the consequence of the Huntley directive and now also includes statements asserted to be in violation of Miranda v Arizona (384 US 436 [1966]). Under Jackson and Miranda each statement must be separately examined and individually determined to be admissible. (See, People v Brown, 140 AD2d 266 [1st Dept 1988].) To make this determination, the circumstances in which each statement was given are what are of primary significance. The content of the statement is not the controlling or determining factor; it may not even be relevant. The statements may be identical, but made in totally different circumstances. O’Doherty’s statement that the notice is intended to protect the right against use of illegally obtained statements is implicit overruling of earlier decisions, including the Court of Appeals opinion in Bennett (supra), which are based on the similarity of the content of the statements. This court will not follow those *464 earlier cases because they are no longer good law and because they make no sense in light of O’Doherty. Rather, this court holds that the late notice of any statement to be used by the People must be justified by good cause.
The People’s related argument, that any prejudice in this case can be avoided or cured by a Huntley hearing, has been unequivocally rejected by O’Doherty (supra).[3] The cases on which the People rely to support its argument are again Brooks (supra) and the Appellate Division decision in Bennett (supra). In Brooks the court found that the defendant had a full opportunity to challenge the admissibility of the statement at a Huntley hearing. In Bennett, the Appellate Division ruled the defendant’s two statements were essentially the same, and that the defendant had a full opportunity to litigate the voluntariness of the statements. The State is without justification in relying on those cases. O’Doherty specifically rejects their holdings: "This position [that there is no prejudice by the delay if the defendant has the opportunity to litigate the issue] finds support in a number of decisions in the lower courts, especially after the 1976 amendment to CPL 730.10, which accelerated the time for serving notice from 'before trial’ to 'within fifteen days after arraignment’ * * * These decisions (see, e.g., People v Swanton, 107 AD2d 829; People v Taylor, 102 AD2d 944, affd on other grounds 65 NY2d 1; People v Brown, 83 AD2d 699; People v Anderson, 80 AD2d 33) evince an understandable reluctance to deprive the People of useful evidence for failure to comply with a stringent statutory requirement, especially where defendant is not harmed by the omission. Although we fully understand the sentiment, we believe that these decisions conflict with the plain language of the statute, which reflects a legislative policy determination with which the courts may not interfere.” (People v O’Doherty, 70 NY2d, supra, at 487.)
Further, analysis of O’Doherty (supra) shows it explicitly rejects Brooks (supra) and Bennett (supra). Brooks relied on People v Swanton (107 AD2d 829, supra), which was specifically rejected by O’Doherty. Brooks also cited People v Whitaker (106 AD2d 594 [2d Dept 1984]). However, Whitaker was based on People v Anderson (80 AD2d 33 [4th Dept 1981], *465 supra), which was repudiated in O’Doherty.[4] Finally, Brooks relied on Bennett. O’Doherty did not specifically cite to Bennett. Nevertheless, O’Doherty unequivocally repudiated the Third Department’s rationale, as set out in Bennett, about the purpose of CPL 710.30 and the rule that prejudice was curable. O’Doherty rejected both People v Taylor (102 AD2d 944 [3d Dept 1984], affd on other grounds 65 NY2d 1 [1985], supra), and People v Brown (83 AD2d 699 [3d Dept 1981], supra),[5] which used the reasoning earlier applied in Bennett.
The State’s position that the forthcoming Huntley hearing will provide an opportunity to investigate the precise statements of the defendant and its argument that the first statement put the defense on notice that the police must have delved further and that it was important to investigate apartment 4F again ignores O’Doherty:
"Under normal circumstances, the defendant could easily be given an adequate opportunity to challenge the voluntariness of the statement at any time before trial. Thus, acceptance of the argument advanced by the People would require that permission to serve late notices be granted routinely. Such an approach would effectively abrogate the 15-day requirement and invite a return to the practice of giving notice at a much later date, even on the eve of trial. Such a result was not the Legislature’s intention * * *
"Although CPL 710.30 retains as its central purpose that of providing a defendant with the opportunity to obtain a pretrial ruling on the admissibility of statements to be used against him, the 1976 amendment was designed to serve an ancillary goal — the orderly, swift and efficient determination of pretrial motions * * * Until the 1976 amendment, however, these goals were compromised by the prosecutor’s ability under CPL 710.30 to serve a notice on defendant at any time before trial, which triggered the defendant’s right to make an additional pretrial motion, requiring a hearing and resulting in additional delay. It was to alleviate this problem that the 1976 amendments to CPL 710.30, requiring notice to defendant within 15 days after arraignment”. (People v O’Doherty, supra, 70 NY2d, at 487-488.)
The State also argues that defendant challenged the second *466 statement in its omnibus motion, and therefore CPL 710.30 (3) makes a good cause showing unnecessary. However, the defense motion is directed only to the statement disclosed at the time of the arraignment.
The State is precluded from introducing the late-noticed statement.

. People v Briggs (38 NY2d 319 [1975]) and People v Spruill (47 NY2d 869 [1979]) were concerned with the excuses for late notice given by the prosecutor under the earlier version of CPL 710.30. That statute allowed the filing of a late notice during trial if the People established good cause. The current statute allows late filing for good cause after the 15-day time period. Despite these decisions, lower courts did not strictly enforce the good cause requirement.

. People v Feliciano (139 Misc 2d 247 [Crim Ct, NY County 1988]), without relying on People v Couch (74 AD2d 582) and People v Ludolph (63 AD2d 77), concluded that the strict construction approach taken in People v O’Doherty (70 NY2d 479) required disclosure of the substance of a statement.

. This issue is not to be confused with that of harmless error, which is an appellate issue requiring consideration of the strength of the State’s case (People v Brown, 140 AD2d 266 [1st Dept 1988]; People v Barclift, 140 AD2d 615 [2d Dept 1988]). At this pretrial stage, harmless error is not a question for consideration.

. It follows that People v Amparo (128 AD2d 712 [2d Dept 1987], lv granted 70 NY2d 928 [1987]) is similarly no longer valid authority.

. It follows that People v Sullivan (117 AD2d 476 [3d Dept], lv denied 68 NY2d 918 [1986]) is also no longer valid precedent.