The People of the State of New York, Plaintiff, v Michael Thebner, Defendant.

County Court, Suffolk County, January 24, 1989

## APPEARANCES OF COUNSEL

*Russo, Garguilo & Fox (Kevin Fox* of counsel), for defendant. *Patrick Henry, District Attorney (Andrea Lannak* of counsel), for plaintiff.

## OPINION OF THE COURT

Charles F. Cacciabaudo, J.

The defendant, Michael Thebner, has moved this court for an order suppressing and precluding from introduction into evidence at trial all oral statements allegedly made by the defendant to law enforcement personnel upon the grounds that the People failed to provide the requisite notice as prescribed by CPL 710.30.

Between September 14 and November 2 of 1987, pretrial hearings were held on this matter to determine, *inter alia,* the admissibility of all statements, both oral and written, allegedly made by the defendant to law enforcement personnel.

The issues raised with respect to the voluntariness and admissibility of all statements were fully litigated at this hearing. However, although it is apparently undisputed that the People failed to timely provide the requisite notice as prescribed by CPL 710.30 with respect to the alleged oral statements, the defense never raised the issue of lack of notice either prior to or during the hearings. The issues raised by the defense concerning its suppression application with respect to *all* the statements were apparently based on traditional admissibility and voluntariness grounds.

At the close of these lengthy hearings and after considerable deliberation, the Honorable Alfred C. Tisch, the presiding Judge thereat, ultimately denied the defendant's suppression motion and ruled that all statements, both oral and written, would be admissible at trial.

Now, for the first time, on the eve of trial, defense counsel moves to suppress all alleged oral statements on the ground that the People have failed to timely notify the defendant of their intended use and cites CPL 710.30 as well as *People v O'Doherty* (70 NY2d 479) as the authority upon which the instant relief is based.

The Court of Appeals in *People v O'Doherty (supra)* held that in accordance with CPL 710.30, the People are required to serve upon a defendant within 15 days after arraignment notice of their intention to offer at trial evidence of statements made by the defendant to public servants. Late notification may be permitted only "[f]or good cause shown" (CPL 710.30 [2]). As further stated by the court, in the absence of a timely notice or late notice as permitted by the court, such evidence may not be received against the defendant at trial, irrespective of any lack of prejudice, *unless the defendant has nevertheless made an unsuccessful suppression motion directed at such evidence* (CPL 710.30 [3]).

Thus, although the holding in *O'Doherty (supra)* calls for suppression and preclusion of a defendant's statements due to the People's unjustified failure to provide timely notice as prescribed by CPL 710.30, it also provides for an exception to this strict sanction as codified in CPL 710.30 (3).

Applying the above principles to the facts at hand, it is this court's determination to deny defendant's present suppression application in all respects.

After a review of the applicable statutory and related case authority, it is my conclusion that the relief requested by the

defendant for suppression of his oral statements is inappropriate and unwarranted on the facts and circumstances of this case.

The factual circumstances which led to the courts' holdings in *O'Doherty (supra)* and *People v Grandenetti* (139 Misc 2d 614), both cited by the defendant in support of his application, can clearly and readily be differentiated and distinguished from the facts and circumstances of this case.

In both *O'Doherty* and *Grandenetti (supra),* the application for suppression pursuant to CPL 710.30 was made either prior to or during the pretrial *Huntley* hearings.

In the instant matter, as conceded by defense counsel, no application for suppression based on the People's unjustified violation of CPL 710.30 was ever made either prior to or during the pretrial hearings. The issues raised by the defendant on his suppression motion were apparently limited to traditional voluntariness grounds which ultimately proved unsuccessful as reflected by the presiding Judge's determination to deny the suppression motion and allow into evidence all defendant's statements, both oral and written.

Defense counsel's failure to address the CPL 710.30 issue at the time of the pretrial hearings in conjunction with his unsuccessful suppression motion directed at all statements which was based on other grounds, effectively foreclosed any possibility of suppression of those statements at this time.

It is this court's opinion that the holding in *O'Doherty (supra)* does not stand for the blanket proposition that suppression of a defendant's statement is always mandated in every instance where a showing has been made of the People's failure to provide timely and adequate notice as prescribed by CPL 710.30.

In those instances where a defendant fails to raise this specific issue at a hearing directed at such evidence and chooses to proceed in any event, unsuccessfully moving for suppression on other grounds, both statutory and case law have carved out an exception to the strict sanction discussed above whereby such evidence nevertheless becomes admissible against the defendant at trial.

For reasons, which remain unknown to the court, defense counsel chose not to address the CPL 710.30 issue at the pretrial hearings which were, in part, directed at such evidence and, instead, unsuccessfully moved to suppress all statements apparently relying on other grounds. This decision on

the part of the defense counsel, in effect, acted as a waiver in accordance with the exception covered under CPL 710.30 (3). Had this issue been raised either prior to or during the pretrial hearings, it appears fair to say that this court might now have reached a different conclusion. The argument that the court's decision in *O'Doherty* occurred after the close of the hearings and thus its authority was not available at the time, remains unpersuasive since the statute upon which the *O'Doherty* decision was based and which the Court of Appeals chose to strictly enforce was in existence well in advance of the earlier hearings held hereon. As a result, defense counsel clearly had the opportunity to raise the CPL 710.30 issue at those hearings, notwithstanding the fact that *People v O'Doherty (supra)* was decided some time thereafter. *(See, People v Amparo,* 73 NY2d 728.)

In sum, since the defendant's earlier suppression motion proved unsuccessful and was directed at all statements, both oral and written, despite the apparent lack of notice, and did not address the CPL 710.30 issue, this court finds that the preclusionary sanction discussed in *People v O'Doherty (supra)* has no application to the facts of this case. What applies and what is controlling is CPL 710.30 (3). As a result, the defendant's oral statements at issue herein, which were previously ruled admissible at trial, remain so. *(See, People v Amparo,* 73 NY2d 728, *supra.)*

Accordingly, based on the foregoing, defendant's present application for suppression of his oral statements which were allegedly made to law enforcement authorities is denied in all respects.