OPINION OF THE COURT
Gerald Sheindlin, J.
Once again, where a prosecutor has chosen to be mildly creative rather than intelligently cautious, a trial court must deal with questions of notice under CPL 710.30.
Specifically, the court is called upon to decide whether the People’s failure to serve formal notice pursuant to CPL 710.30 should preclude them from introducing evidence of a preindictment lineup identification when defense counsel was notified of the lineup and was actually present at the lineup when the identification was made.
On February 15, 1989 defense counsel received notice in writing of the People’s intent to apply for a lineup order before a Justice of this court. On February 17, 1989 both sides appeared before the court. After oral argument, a written *339 order was issued directing the defendant to appear in a lineup.
On February 28, 1989, a lineup was conducted in the presence of defense counsel. The defendant was identified. The proceedings were stenographically recorded.
On March 3, 1989 the defendant was indicted for attempted murder in the second degree and other related crimes.
Defendant now moves to preclude the People from introducing evidence of said identification on the grounds that the prosecutor failed to serve notice of his intent to introduce at trial evidence of said identification.
CPL 710.30 provides that:
"Whenever the people intend to offer at a trial * * * testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention * * *
"within fifteen days after arraignment and before trial”. (CPL 710.30 [1] [b]; [2].)
The statute permits late service, "For good cause shown” (CPL 710.30 [2]). The Court of Appeals has held that mere neglect is not good cause (People v Boughton, 70 NY2d 854 [1987]; People v O’Doherty, 70 NY2d 479 [1987]; People v Briggs, 38 NY2d 319 [1975]; People v Spruill, 47 NY2d 869 [1979]), and that the " '[l]ack of prejudice to the defendant resulting from the delay does not obviate the need for the People to meet the statutory requirement of good cause before they may be permitted to serve a late notice.’ ” (People v McMullin, 70 NY2d 855, 856 [1987]; People v O’Doherty, supra.)
The issue now confronting this court, however, is not one of late notice. Indeed, the People have yet to file the standard, formal notice in this case. The court views the question in this matter as one of sufficiency of notice.
It is undeniable that, under the peculiar facts of this case, the defense attorney had notice of the identification. Notice is the knowledge of the existence of a fact. One may not disclaim notice when he has actual knowledge of the fact. (See, 42 NY Jur, Notice and Notices, § 1.) As counsel had actual knowledge of the identification he may not claim ignorance of said fact.
Counsel argues, however, that notwithstanding his actual *340 knowledge, the People are still obligated to comply literally with the statute and notify the defense formally of the identification and their intent to offer same at trial.
Should failure to follow the literal command of the statute mandate preclusion under the facts of this case? This court thinks not.
In People v White (73 NY2d 468 [1989]), the Court of Appeals rejected a literal reading of the statute in holding that the requirements of CPL 710.30 do not apply to judicially supervised identifications which occur when defendant is represented by counsel. The court stressed that, "The controlling principle in interpreting statutes is the legislative intent [citing cases].” (People v White, supra, at 473.)
In a footnote the court stated: "Indeed our past decisions have avoided an interpretation of CPL 710.30 that places too much emphasis on the statute’s literal language when doing so would produce results plainly at odds with the policy of the legislation as a whole (see, People v Tas, 51 NY2d 915, 916 [since participants in the incident were known to each other, there was no identification within the meaning of CPL 710.30 and no prior notice need be given by the People]; see also, People v Collins, 60 NY2d 214, 218-219; People v Berkowitz, 50 NY2d 333, 338, n 1; People v Gissendanner, 48 NY2d 543, 552).” (People v White, supra, at 474, n 1.)
The court went on to explain the legislative policy: "Historically, CPL 710.30 'was * * * a legislative response to the problem of suggestive and misleading pretrial identification procedures treated by the Supreme Court in Gilbert v California (388 US 263), United States v Wade (388 US 218) and Stovall v Denno (388 US 293)’. (People v Gissendanner, 48 NY2d 543, 552.) In each of those cases, the court was concerned with trial identifications predicated on earlier confrontations between an uncounselled defendant and an eyewitness involving lineups, showups or photographs for the purpose of establishing the identity of the criminal actor. CPL 710.30 sets forth a procedure to provide notice to a defendant who might otherwise be unaware that the People are in possession of such evidence and thus allows the defendant to test the reliability of the identification before trial.” (People v White, supra, at 474.)
Here, the main concern is absent. The defendant had counsel present and, therefore, was aware of the identification evidence in possession of the People. Furthermore, the Peo *341 pie’s intent to offer the identification at trial was conveyed in the lineup order itself. It states in part, "it is necessary to conduct a lineup in order to determine whether Luis Maldonado is in fact the perpetrator of said crimes”.
This was a preindictment identification. The absence of an indictment combined with the language of the order clearly conveyed to the defense that an identification would be material and indispensable evidence in this case.
In People v Michel (56 NY2d 1014, 1015 [1982]), the Court of Appeals held that where: "[T]he confession itself was negotiated, drafted, and signed by both the defendant and his attorney and specifically stated that it was 'going to be used in court’ * * * [and] it was clear to the defense that the confession was an integral part of the agreement. * * * [W]e cannot say that the trial court erred as a matter of law in finding that the defense had actual notice of the prosecution’s intent to introduce the confession at trial and, therefore, good cause for dispensing with the statutory notice requirement.”
Similarly, here the defense was not only aware of the identification but was also well aware of the fact that the identification was central to the People’s case and would be introduced at trial. The actual notice of these facts by the defense is sufficient to dispense with the formal notice requirement under the circumstances of this case.
Accordingly, the defendant’s motion to preclude the People from introducing evidence of the lineup identification at trial is denied in its entirety.