OPINION OF THE COURT
Herbert J. Lipp, J.
At a suppression hearing conducted in this case, the arrest was determined to be legal and the lineup fairly conducted. *689 The sole outstanding pretrial issue is whether the People may amend their previously served CPL 710.30 (1) (b) notice by changing the name of the individual set forth in said notice. For the reasons stated herein, the People’s motion to amend the statutory notice is granted.
The defendant was arraigned on May 16, 1989 and charged with robbery in the first degree et al. On that date, the People served notice pursuant to CPL 710.30 (1) (b) indicating that they intended to introduce into evidence testimony that defendant was identified on January 3, 1989, in a lineup conducted at the 90th Precinct by a witness named Erika Schesinger. On June 26, 1989, defendant moved to suppress the identification procedure for which he was given notice, and the court ordered a Wade hearing (United States v Wade, 388 US 218). On the scheduled date of the Wade hearing, December 20, 1989, the People moved orally to amend the CPL 710.30 (1) (b) notice by substituting the name of "Sonia Morales” for that of "Erika Schesinger”. Defendant’s objection to such amendment was noted for the record, the court reserved decision on this matter, and the Wade hearing was conducted.
The identification of Sonia Morales was not suppressed, thereby requiring the court to determine the legality of the People’s motion. After a comprehensive review of the existing case law, it appears that this issue is one of first impression.
CPL 710.30 (1) (b) provides: "Whenever the people intend to offer at a trial * * * testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.”
CPL 710.30 (2) provides that "[s]uch notice must be served within fifteen days after arraignment and before trial” in order to accord the defendant a "reasonable opportunity to move * * * to suppress” such evidence. Although subdivision (2) does provide that for "good cause shown” the People may serve such notice after the 15-day period, no statutory clause pertains to the amendment of a notice filed in a timely manner but which is inaccurate.
In his memorandum of law in opposition to the People’s motion, defendant cites only case law discussing sanctions imposed for the failure to provide timely notice. (See, People v O’Doherty, 70 NY2d 479 [failure to provide notice of defen *690 dant’s statement to police]; People v McMullin, 70 NY2d 855 [failure to provide notice of two witnesses’ out-of-court identification of the defendant]; People v Boughton, 70 NY2d 854 [timely notice of defendant’s statement withdrawn after the statutory period; subsequent attempt by People to introduce statement is prohibited for violation of notice requirements]; see also, People v Bernier, 73 NY2d 1006 [failure to provide notice of main identifying witness].)
This court has previously held that it would "strictly adhere to the principles promulgated in People v O’Doherty (70 NY2d 479)” (People v Pamias, 139 Misc 2d 262, 263; People v Villodas, NYLJ, Sept. 22, 1989, at 25, col 6). The court, however, should not elevate form over substance and will "[avoid] an interpretation of CPL 710.30 that places too much emphasis on the statute’s literal language when doing so would produce results plainly at odds with the policy of the legislation as a whole” (People v White, 73 NY2d 468, 474, n 1, citing People v Tas, 51 NY2d 915, 916; People v Collins, 60 NY2d 214, 218-219; People v Berkowitz, 50 NY2d 333, 338, n 1; People v Gissendanner, 48 NY2d 543, 552).
To understand the legislative intent of CPL 710.30, one must reflect on the history of New York criminal practice. In 1974, the Legislature passed the Omnibus Pretrial Motion Bill of 1974 (L 1974, ch 763, § 1). Its purpose was to "present the vast bulk of the pre-trial litigation of criminal cases before one judge, on one set of papers and at one time” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 255.10, at 437). The Legislature mandated that criminal defendants file their omnibus motions within 45 days after arraignment (CPL 255.20). Pursuant to Laws of 1976 (ch 194, § 3), the People were required to give formal notification, within 15 days of arraignment, of any out-of-court identification made of a defendant and any statement made by a defendant to law enforcement personnel.
These statutory provisions "sought to impose order and speed on pretrial motion practice by requiring the defendant to make substantially all pretrial motions at one time” (People v O’Doherty, supra, at 488), and to alleviate the previously encountered problem of having notice served at any time prior to trial (see, People v Briggs, 38 NY2d 319; People v Spruill, 47 NY2d 869).
In the case at bar, it is uncontested that the People filed a timely notice under CPL 710.30 (1) (b), and as a result of *691 receiving such notice defendant filed an omnibus motion in which he sought suppression of the identification testimony. Defendant maintains, however, that since an amendment of the statutory notice is not explicitly provided for in the statute, it must therefore be prohibited.
The People do not claim the defendant had actual notice of the identification proceeding, thereby nullifying the need for formal notice[1] (compare, People v White, 73 NY2d 468 [defendant identified at a previous trial]; People v Maldonado, 144 Misc 2d 338; and People v Allen, NYLJ, Jan. 30, 1990, at 26, col 2 [defendant represented by counsel at court-ordered lineup]; People v Michel, 56 NY2d 1014 [defendant’s confession signed by counsel]).
Nor is the pending matter analogous to those cases whereby the People introduced evidence of a statement other than one for which notice was previously served (People v Bennett, 80 AD2d 68, affd on limited grounds 56 NY2d 837; People v Sullivan, 117 AD2d 476, lv denied 68 NY2d 918). In People v Grandenetti (139 Misc 2d 614), the prosecution provided CPL 710.30 (1) (a) notice of defendant’s statement. Such notice purported to set forth the sum and substance of defendant’s statement. At the Huntley hearing, held to determine the admissibility of such statement, the police officer testified to a statement which, although similar, was much more inculpatory than the statement for which notice was given. In precluding that portion of the statement for which notice was not served, the court held: "[W]here the difference between the notice served and the statement to be offered at trial serves to frustrate the defendant’s opportunity to fashion an appropriate defense, then the notice does not meet the requirements and serves to defeat the intent of CPL 710.30 (1) (a).” (People v Grandenetti, supra, at 615.)
The Grandenetti court also determined that the People lacked good cause for the delay in the notice and further held that the defendant showed actual prejudice in the defense of his case in lieu of the admission of the additional statement.
A fair reading of Grandenetti (supra) leads this court to conclude that a defendant’s statement for which timely, al *692 though inspecific or conclusory, notice had been served will hot be precluded under People v O’Doherty (70 NY2d 479, supra), unless the admission of the subsequent statement prejudices the defendant.
Another nisi prius court has held that People v O’Doherty (supra) requires the preclusion of any and all statements for which CPL 710.30 (1) (a) notice has not been provided, even if the statements are substantially similar and no prejudice to the defendant is shown (People v Olds, 140 Misc 2d 458).
Unlike the court in Olds (supra), this court finds nothing in People v O’Doherty (supra), or in any of the cases decided subsequent thereto, that addresses the specific question raised by the parties in the instant case. This case doesn’t fall into the category of cases where notice is not served, nor can it be pigeonholed with those cases where incomplete or insufficient notice is served. The present matter can best be described as an old fashioned mistake in providing the correct name of the person who participated in an out-of-court identification procedure. After reviewing the paperwork compiled by the police, the court is of the opinion that the People’s statutory notice contained a good-faith mistake in providing the defendant with notice of an identification procedure involving Erika Schesinger. The People’s present motion merely seeks to amend the name of the witness provided in the notice in order for the defendant to be provided with accurate information.[2]
An analogy can be made to motions by the prosecutor to amend an indictment. Pursuant to CPL 200.70 (1), the court has the authority to order the amendment of the indictment, at any time before or during trial, with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons, etc., provided such amendment does not change the theory of the prosecution or otherwise serve to prejudice the defendant on the merits (see, People v Spann, 56 NY2d 469; People v Barnes, 119 AD2d 828).
If one takes into account the "sanctity” of a criminal indictment, a statutory notice pursuant to CPL 710.30 (1) (b) should at least be as amendable as an indictment, provided the proposed amendment does not change the theory or substance of the notice, does not prejudice the defendant on the *693 merits of his defense, and provided the defendant was not mislead or forced to forego a verifiable defense as a result of such amendment (accord, People v Shannon, 127 AD2d 863, lv denied 69 NY2d 1009; People v Ennis, 144 AD2d 579; People v Feliz, 136 Misc 2d 701; People v Hushie, 133 Misc 2d 696, affd 145 AD2d 506; People v Goodman, 156 AD2d 713).
After reviewing the existing case law and the legislative history of CPL 710.30, and after applying the basic statutory construction that a law be construed in such a way that its objectives are furthered, not frustrated (Penal Law § 5.00), this court will grant the People’s application to amend the CPL 710.30 (1) (b) notice previously served upon the defendant. The defendant’s motion to preclude the witness’s identification under the proposed authority of People v O’Doherty (70 NY2d 479, supra) is hereby denied.

. Contrary to the People’s claim, the police reports previously disclosed to defendant’s counsel were inconsistent in naming Miss Morales as the sole identifying witness. While this, perhaps, led to the People’s misunderstanding concerning the proper witness for which to give notice, the police reports cannot provide defendant with actual notice of the People’s intention to offer evidence at trial of a prior identification.

. It is undisputed that the People moved to amend the statutory notice as soon as the inaccuracy was made known to them. After receiving the proposed amended notice, the defendant did not seek an adjournment prior to conducting the Wade hearing.